## 42097. DAILEY v. FIRST NATIONAL BANK OF ATLANTA.

PANNELL, Judge. 1. Where, on December 17, 1965, a suit was instituted on a conditional sale contract given in the original sum of $1,396.56 payable in 24 monthly installments of $58.19 each beginning May 25, 1965, the suit being for $1,148.80 principal, it is obvious that some of the installments were past due. Whether or not the maturity of the other installments had been accelerated according to the terms of the contract, a recovery for some amount being authorized by the allegations of the petition, the petition was not subject to general demurrer on the ground that the entire debt sued on was not past due.

2. Where a conditional sale contract sued upon was payable to Dave Millar Furniture Company as seller (which name imports a corporation, see *Holcomb v. Cable Co.*, 119 Ga. 466 (46 SE 671)), and such contract has thereon a purported transfer to the plaintiff with the name "D. L. Millar" signed in ink below the typed name "Dave Millar Furniture Company" which typed name was above a line below which were the words "name of seller," and below the line where the name signed in ink appeared were the words "authorized signature," the signature of "D. L. Millar" purports to be a signature for the entity appearing above it, to wit: "Dave Millar Furniture Company." Such transfer, therefore, does not show on its face that the "D. L. Millar" was not authorized to sign for and in behalf of the corporation so as to make the petition subject to general demurrer. If the signature of the corporation was unauthorized this would be matter for defense. *Sheffield v. Johnson County Bank*, 2 Ga. App. 221 (1, 2) (58 SE 386).

3. Assuming, without deciding, that the mere filing of the suit in the present case might constitute an exercise of the option to declare all the installments due and payable (see *Pape v. Woolford Realty Co.*, 35 Ga. App. 284 (2) (134 SE 174)), yet where, as here, the suit upon such contract seeking to recover attorney's fees which does not affirmatively allege that the notice of attorney's fees was given "after maturity," a recovery of attorney's fees is unauthorized. *Code* § 20-506, as amended by Ga. L. 1946, pp. 761, 766; Ga. L. 1953, pp. 545,

546; Ga. L. 1957, p. 264 (*Code Ann.* § 20-506) ; *Walton v. Johnson*, 213 Ga. 108, 111 (3) (97 SE2d 310) ; *Stone v. Colonial Credit Co.*, 93 Ga. App. 348, 349 (3) (91 SE2d 835).

The trial court erred in overruling the demurrer of the defendant directed to the claim of attorney's fees, but did not err in overruling the general demurrer to the petition.

*Judgment reversed. Felton, C. J., and Frankum, J., concur.*

ARGUED JUNE 7, 1966—DECIDED SEPTEMBER 6, 1966.

*Walter O. Allanson*, for appellant.

*J. Norwood Jones, Jr., John W. Bland, Jr.*, for appellee.