43806. BYRD v. FORD MOTOR COMPANY et al.

HALL, Judge. This is a suit by the purchaser of a new automobile against the dealer and manufacturer. The plaintiff appeals from a judgment sustaining an oral motion to dismiss the petition as against the manufacturer.

1. This court must apply the new Civil Practice Act as it exists at the time of its judgment rather than the law prevailing at the rendition of the judgment under review. *Hill v. Willis*, 224 Ga. 263, 264-265 (161 SE2d 281).

2. The basic premise of the new Civil Practice Act is that it does away with "issue pleading" and substitutes "notice pleading." In the famous *Reynolds* case (*Reynolds v. Reynolds*, 217 Ga. 234, 246 (123 SE2d 115)), the Supreme Court of Georgia quoted with approval the Supreme Court of the United States: ". . . Under the prior federal practice, the pre-trial functions of notice-giving, issue-formulation and fact-revelation were performed primarily and inadequately by the pleadings. Inquiry into the issues and the facts before trial was narrowly confined and was often cumbersome in method. The new rules, however, restrict the pleadings to the task of general notice-giving and invest the deposition-discovery process with a vital role in the preparation for trial."

"A petition should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *American Southern Ins. Co. v. Kirkland*, 118 Ga. App. 170; Conley v. Gibson, 355 U. S. 41, 45 (78 SC 99, 2 LE2d 80). See also *Harper v. DeFreitas*, 117 Ga. App. 236 (1) (160 SE2d 260); *Seaboard A. L. R. Co. v. Hawkins*, 117 Ga. App. 797 (3) (161 SE2d 886). In explaining the rule the Fifth Circuit Court of Appeals has said: "We have,

however, pointed out that this does not mean that there must necessarily be a fullblown trial. Exploiting the wonderful facility of pre-trial discovery, the real facts can be ascertained and by motion for summary judgment (or other suitable device), the trial court can determine whether as a matter of law there is any right of recovery on those facts." Shull v. Pilot Life Ins. Co., 313 F2d 445, 447.

In this case the petition, filed on December 30, 1966, alleged that the plaintiff purchased a new automobile from the defendant dealer on February 2, 1965, with a written warranty of the defendant manufacturer. The warranty exhibited with the petition reads, in part: "Ford Motor Company warrants to the owner each part of this Ford vehicle to be free under normal use and service from defects in material and workmanship for a period of 24 months from the date of delivery to the original retail purchaser or until it has been driven for 24,000 miles, whichever comes first. This warranty shall be fulfilled by the dealer . . . replacing or repairing at his place of business, free of charge including related labor, any such defective part." The petition contains allegations that the automobile had "serious mechanical malfunctioning, in that the motor of the automobile has a serious power loss in driving at a reasonable speed, the engine valves clatter, making loud vibrating noises, and upon acceleration the motor races and instead of accelerating the automobile decreases its speed with the engine skipping. The transmission of the automobile does not properly function and it makes a clanging noise and jerks badly. The gears refuse to mesh properly . . . ; the paint job on the automobile immediately began to flake off and to fade out." It alleged that the plaintiff returned the automobile more than once and left it with the dealer five to six weeks while attempts were made to correct its malfunctioning; that the malfunctioning was not corrected and the dealer failed and refused to repaint the automobile. The petition does not disclose any fact which would necessarily defeat the claim. It cannot be said beyond doubt that the plaintiff cannot prove *any set of facts* that would entitle him to any relief for the alleged failure to comply with the express warranty.

The trial court erred in sustaining the motion to dismiss.

*Judgment reversed. Bell, P. J., and Quillian, J., concur.*

ARGUED JULY 2, 1968—DECIDED SEPTEMBER 5, 1968.

*Preston L. Holland,* for appellant.

*Troutman, Sams, Schroder & Lockerman, T. M. Smith, Jr., John D. McLanahan, Marson G. Dunaway, Jr.,* for appellees.