### 47714. TURNER v. BANK OF ZEBULON et al.

STOLZ, Judge. The plaintiff payee bank brought an action on a promissory note against defendants Edwards and Turner. Turner appeals from the joint and several judgment against both defendants for principal, interest, and attorney fees, and from the dismissal of his cross claim against his co-defendant, Edwards. *Held:*

1. On the last day on which the plaintiff could respond to defendant Turner's request for admission of facts, the plaintiff obtained an ex parte order extending the time within which to respond, on the ground that additional time was necessary to obtain information because of the termination of employment of the plaintiff's officer principally in charge of the loan in question.

Prior to the enactment of the 1972 amendment (Ga. L. 1972, pp. 510, 528) to Code Ann. § 81A-136 (a) (Ga. L. 1966, pp. 609, 648), it could be argued that such an extension of time could only be granted for providential cause and then only on motion and notice. A contrary position could be taken relying on Code Ann. § 81A-106 (b) (1) (Ga. L. 1966, pp. 609, 617; 1967, pp. 226, 229, 230), which allows discretionary extensions of time by the court for cause shown with or without motion and notice. Any question regarding these two positions was resolved by the enactment of Ga. L. 1972, pp. 510, 528, amending Code Ann. § 81A-136 (a), which struck the aforesaid providential cause, motion, and notice provisions and simply provided that "The matter is admitted unless, within 30 days after service of the request [for admissions], *or within such shorter or longer time as the court may allow,...*" This provision in our law applies only to remedy or mode of trial and does not abridge any vested right, and consequently is applicable to the case sub judice. Code § 102-104. Also, Code Ann. § 81A-186 (CPA § 86) (Ga. L. 1966, pp. 609, 671; 1967, p. 8; 1967, pp. 226, 250; 1968, pp. 1104, 1109) specifically provides for the retroactive application of the Civil Practice Act by the trial and appellate courts where the same does not impair vested rights or is otherwise in violation of the Constitution, *even to the extent of rendering valid something which was not valid when done.* In construing Code Ann. § 81A-186, supra, this court has held: "This Court *must* apply the new Civil Practice Act as it exists at the time of its judgment rather than the law prevailing at the rendition of the judgment under review." (Emphasis supplied.) *Byrd v. Ford Motor Co.,* 118 Ga. App. 333 (1) (163 SE2d 327), citing *Hill v. Willis,* 224 Ga. 263, 264 (161 SE2d 281); *Cohen v. Garland,* 119 Ga. App. 333, 335 et seq. (167 SE2d 599); and *Ennis v. Atlas Finance Co.,* 120 Ga. App.

849 (1) (172 SE2d 482).

The judge did not abuse his discretion in granting the extension; therefore, the verified response filed within the extended period was a timely response which prevented the matters of which an admission was requested from being deemed admitted. In the absence of such admission, genuine issues of material fact remained in the case, making the trial judge's overruling of the appellant's motion for summary judgment proper.

2. Judgment was not demanded in favor of defendant Turner, as he contends, in view of the evidence adduced. The plaintiff's witness testified that the principal amount of the note and part of the interest were unpaid. Defendant Edwards admitted execution and that the principal and interest were unpaid. The appellant admitted execution and made no claim that he paid the note in whole or in part. The plaintiff's liability ledger shows the principal amount to be outstanding and no interest payments made since October 3, 1970.

3. The award of attorney fees was not error for the contended reason that the original demand letters dated August 11, 1971 (prior to the filing of this action) contained a miscalculated amount of interest claimed due (part of the basis on which the fees were computed), and the complaint was not amended, subsequent to the undenied receipt of demand letters dated November 22, 1971, which corrected the amount of interest originally claimed due, so as to specifically allege the amount of interest claimed due.

Under our present system of notice pleading, the prayer for attorney fees in the original complaint was sufficiently alleged, the amount being a matter of proof upon the trial. "[F]ailure to give notice before commencement of the action does not preclude the recovery of attorney fees." *One In All Corp. v. Fulton*

*Nat. Bank,* 108 Ga. App. 142, 144 (132 SE2d 116). Futhermore, even assuming that the original demand letters, because of the error therein, did not constitute valid notices, the November 22nd letters, received almost 10 months prior to the trial, were sufficient and timely notices. Code Ann. § 20-506 does not specify the time for the giving of the notice other than "after maturity of the obligation."

4. The trial judge correctly dismissed the appellant's cross-claim against his co-defendant, Edwards, upon the latter's showing of the pendency of the cross-claimant's action against him in the Superior Court of Fulton County, in which action the issue is raised of Edwards' indebtedness to the present appellant for the proceeds of the loan sued on in the case sub judice.

*Judgment affirmed. Eberhardt, P. J., and Pannell, J., concur.*

ARGUED JANUARY 11, 1973 — DECIDED FEBRUARY 7, 1973 — REHEARING DENIED MARCH 6, 1973 — ▮

*Haas, Holland, Levison & Gibert, Richard C. Freeman, III,* for appellant.

*Hicks, Eubanks & Scroggins, Frank W. Scroggins, Huie & Harland, Harry L. Cashin, Jr., Terrill A. Parker,* for appellees.

