48186. LOUKES v. McCOY.

CLARK, Judge. McCoy filed suit for $115 against Mrs. Loukes in the State Court of DeKalb County. The attorney representing plaintiff in the trial court used the justice of peace procedure (Code Ann. § 24-1102), filing only a statement of the account affixed to a summons without the usual complaint form. Service was made at defendant's most notorious place of abode by leaving a copy "attached to door" on December 26, 1972. After defendant failed to make an appearance judgment was rendered against her by default. Thereafter, on March 13, 1973, counsel for defendant filed a notice of appeal and brought the judgment here for review. This marked the first court appearance of defendant.

Appellant contends the judgment to be void on its face by reason of there being a lack of jurisdiction of the person, basing this upon (1) lack of service of process and (2) absence "of a complaint sufficient at law upon which a judgment may be rendered." Premised upon the legislative Act creating the tribunal now known as the State Court of DeKalb County as a court of record (Ga. L. 1968, pp. 2928, 2932, § 3) the thrust of appellant's argument is that the service and pleading requirements of the Civil Practice Act have not been satisfied. *Held:*

1. This court has heretofore ruled in *Electro-Kinetics Corp. v. Wilson,* 122 Ga. App. 171 (1) (176 SE2d 604) that the State Court of DeKalb County is a court of record and its practice and procedure is controlled by the Civil Practice Act.

2. There is no merit to the attack upon service. This is because the principal sum involved is $115 which brings the case within the provisions of Code Ann. § 81A-104 (d) (6) which authorizes service by leaving a copy at the most notorious place of abode if the principal sum involved is less than $200. It is only where the principal sum involved is $200 or more that service must be made in conformity with the provisions of Code Ann. § 81A-104 (d) (7) upon the defendant personally or by leaving a copy at the usual place of abode "with some person of suitable age and discretion then residing therein."

3. Whether a pleading meets the requirements of Code Ann. § 81A-108 (a) where it consists only of a statement containing the names of plaintiff and defendant and a statement reading only "balance due on a/c $115" attached to a legally sufficient summons is not for decision here because failure to state a claim cannot be raised by motion after judgment. That is the rule as stated in Code Ann. § 81A-112 (h) (2) which provides that this defense "[M]ay be made in any pleading permitted or ordered under § 81A-107 (a), or by motion for judgment on the pleadings, or at the trial on the merits." See Wright & Miller, Federal Practice and Procedure: Civil §§ 1357-1358.

4. After judgment has been rendered the defendant's remedy to set aside a judgment is to proceed in the manner provided in Code Ann. § 81A-160 (d). This requires that the procedure be through a motion to set aside judgment which "must be predicated upon some nonamendable defect which does appear upon the face of the record or pleadings." It should be noted this subparagraph further states that "To be subject to motion to set aside, it is not sufficient that the complaint or other pleading fails to state a

claim upon which relief can be granted, but the pleadings must affirmatively show that no claim in fact existed." Such affirmative requisite does not exist here where the statement attached to the summons shows that plaintiff claims defendant owes plaintiff a balance on an account.

Additionally, our Supreme Court in *Mitchell v. Dickey,* 226 Ga. 218, 220 (173 SE2d 695) quoted with approval the following from 2A Moore, Federal Practice, 1706, § 8.13: "A motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim. If, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient." This view was reiterated in *Oliver v. Irvin,* 230 Ga. 248 (1) (196 SE2d 429).

5. Plaintiff was entitled to a default judgment. Code Ann. § 81A-155 (a).

*Judgment affirmed. Hall, P. J., and Evans, J., concur.*

Argued May 8, 1973 — Decided June 1, 1973.

*L. C. Chritzberg,* for appellant.