### 48281. CANDLER et al. v. ORKIN et al.

EBERHARDT, Presiding Judge. Candler and Griffin, as partners, on July 27, 1970, purchased certain realty for development from

Orkin and Aronoff, executing to the sellers a purchase money note in the sum of $1,704,000, with interest at 8 percent per annum, payable in two equal annual instalments. The note carried an acceleration clause affording the right to declare the whole of the debt to be due upon default in the payment of any instalment when due, and provided that no waiver of the acceleration right should occur from any grant of indulgence to the makers. The first instalment became due January 26, 1972, and was orally extended for 30 days. Payment was not made on expiration of the 30 days, and the payees declared the whole of the debt due, gave notice thereof and that unless the amount were paid within 10 days, attorney fees as provided in the note would be claimed.

The makers of the note were making efforts to sell the land and the payees entered into a written agreement with them to extend the due date of the obligation to June 1, 1972, and that if the sale were closed by that time the payees would accept the purchasers as obligors instead of the makers, effecting a novation. The sale was not closed, and payees were again notified that payment of the obligation was demanded, and that attorney fees would be claimed. A further oral extension (without consideration) was granted to June 30, but the proposed sale fell through, and the payees filed suit on the note.

Defendants contend that the making of the demands and giving of notice to bind the makers for attorney fees, with copies to the prospective purchasers, chilled the sale to the extent that it fell through, and that the notice for attorney fees was defective. Another notice was given, after the filing of the suit, which it is contended was also deficient in that it failed to allow payment within 10 days and avoid payment of the fees.

Plaintiffs moved for summary judgment. Depositions were taken and these, with documentary evidence, were submitted in support of the motion and after a consideration thereof the motion was granted, and judgment was entered for the principal, interest and attorney fees. Defendants appeal. *Held:*

1. Appellees' motion to dismiss the appeal on the ground that no transcript of the record was timely filed in the trial court is not meritorious. That is a matter which addresses itself to the trial court. Code Ann. § 6-809 (as amended by Ga. L. 1968, p. 1072); *Smith v. Smith,* 128 Ga. App. 29 (1) (195 SE2d 269).

2. The written agreement by which the makers of the note obtained an extension for payment until June 1, 1972, signed by the

makers and the payees of the note, and by the prospective purchasers who were proposed as substitute obligors if a sale of the property held as security for the note were made to them and closed by June 1, carried in it an admission that "the note is presently in default." This was a recognition by all that the non-waiver provisions of the note applied and that the indebtedness had been declared in default.

3. Since the proposed purchasers of the property were signatories to the written agreement by which the obligation was extended to June 1, and in which default was admitted, we do not agree that the sending of further demand and notice for attorney fees by way of a letter to the makers of the note, with copies to the proposed substitute obligors with whom the pending negotiations for sale of the property were made could be charged with a chilling of the sale, or that this affords any defense to the suit on the note. The agreement expressly provided that absent a closing of the sale by June 1, the payees "shall proceed with collection."

4. The notice for attorney fees, whether that given in February, in June or after the suit was filed, was sufficient to comply with the requirements of Code Ann. § 20-506. The February notice expressly referred to the Code Section and stated that the notice was given pursuant thereto. Each of the other notices, describing the indebtedness, accelerated the maturity under the provisions of the note, demanded payment, and informed the makers that attorney fees would be claimed unless payment were made within 10 days.

Whether the attorney fees are claimed in the suit originally, or by amendment, the notice may be given after the filing of suit so long as the defendant is given 10 days within which to pay and avoid the fees prior to the taking of any judgment therefor. Cf. *One In All Corp. v. Fulton Nat. Bank,* 108 Ga. App. 142 (132 SE2d 116); *McInvale v. Walter E. Heller & Co.,* 116 Ga. App. 71 (156 SE2d 371); *Turner v. Bank of Zebulon,* 128 Ga. App. 404 (3) (196 SE2d 668). The requirement that the notice be given after maturity of the obligation was fully met, for it was recognized in the agreement of May 23, 1972 that the obligation was in default. Notice of acceleration had been given in February, and was again given in June. See *Dailey v. First Nat. Bank,* 114 Ga. App. 248 (150 SE2d 847).

5. Other matters enumerated as error are without merit.

*Judgment affirmed. Pannell and Stolz, JJ., concur.*

ARGUED JUNE 28, 1973 — DECIDED SEPTEMBER 10, 1973 —
REHEARING DENIED SEPTEMBER 26, 1973 — 

*Stack, O'Brien & Neely, Edgar A. Neely, III, Joseph R. Manning,
David J. Keeler, John Harris Paer,* for appellants.
*Hansell, Post, Brandon & Dorsey, Hugh M. Dorsey, Jr., W. Rhett
Tanner,* for appellees.