## 51694. SWINDELL et al. v. GEORGIA STATE DEPARTMENT OF EDUCATION.

STOLZ, Judge.

1. In this action by the Georgia State Department of Education to recover on teacher scholarship loan notes, executed by the defendant recipient of the loans as maker and by her defendant mother as comaker, pursuant to the provisions of Code Ann. Chaps. 32-31 (Ga. L. 1965, pp. 210 ff.), 32-33 (Ga. L. 1965, pp. 217 ff.), 32-34 (Ga. L. 1968, pp. 1082 ff.) and 32-37 (Ga. L. 1969, pp. 683 ff.), the defense of the minority of the maker at the time of her executing the notes was not valid. See Code Ann. §§ 20-205, 32-3109 (Ga. L. 1965, pp. 210, 216; 1967, pp. 640, 642; 1971, pp. 520, 522), and 32-3712 (Ga. L. 1969, pp. 683, 689), none of which statutes has been held unconstitutional.

2. Nor was it a valid defense that the defendant recipient's default in the terms of the loan agreement (Par. 3) by discontinuing a course or program of study for which she was receiving scholarship aid, resulted from her involuntary discontinuation by the authorities of the college at which she was enrolled. Such loans are authorized to be made "upon such terms and conditions as the [Georgia Higher Education Assistance] Authority may prescribe," within stated limits here inapplicable. Code Ann. §§ 32-3706 (Ga. L. 1969, pp. 683, 687; 1971, pp.

518, 519), 32-3708 (Ga. L. 1969, pp. 683, 688). The Authority is further empowered to require execution of notes "in such form as may be required [by the Authority]." Code Ann. § 32-3711 (Ga. L. 1969, pp. 683, 689). The loan agreement makes no distinction between voluntary and involuntary discontinuation.

Code § 20-1104 provides: "If the nonperformance is caused by the act or fault of the *opposite* party, that excuses the other party from performance." (Emphasis supplied.) The "opposite party" here was the State Scholarship Commission and/or the Georgia Higher Education Assistance Authority, not the authorities of the loan recipient's college or the department of education. Even if the department of education be considered the "opposite party," moreover, it does not appear that the involuntary discontinuation of the defendant recipient's studies was not a result of her own inability to meet the requirements of the college. Furthermore, the State Scholarship Commission has considerable discretion in such matters, having authority "to cancel disbursement of any amount remaining undisbursed to any applicant on any contract or promissory note executed by the applicant *for cause deemed sufficient to the commission.*" (Emphasis supplied.) Code Ann. § 32-3109 (Ga. L. 1965, pp. 210, 216; as amended, Ga. L. 1971, pp. 520, 522).

3. The appellants contend that it was error to include in the summary judgment granted to the plaintiff, an award of attorney fees. The complaint alleged the giving of the requisite 10-days' notice (Code § 20-506) by letter dated April 2, 1973, to both defendants and copies thereof were attached as exhibits. Both answers denied that the defendants received the notices ten days or more prior to service of the action upon them. The defendant maker of the notes filed an admission merely that she had received the notice (R. 29) and the defendant comaker's answer to the request for admission stated that she denied that she received a "timely" notice (R. 35).

"[T]he notice may be given after the filing of suit so long as the defendant is given 10 days within which to pay and avoid the fees prior to the taking of any judgment therefor." *Candler v. Orkin,* 129 Ga. App. 721 (4) (200

SE2d 909) and cits. The defendants' admissions, filed in December, 1974, did not deny *receiving* the notice dated April 2, 1973, but merely denied that they were *timely*. The summary judgment for the plaintiff was not entered until August, 1975; thus, the defendants had at least 2 years prior to the taking of the judgment within which to pay and avoid the fees, under the *Candler* case, supra.

No genuine issue of material fact appearing, the trial judge did not err in entering summary judgment for the plaintiff for principal, interest and attorney fees on the notes.

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

Argued January 13, 1976 — Decided March 10, 1976.

*Gerald H. Cohen,* for appellants.
*Cotton; Katz & White, J. Christopher Simpson, Griffin B. Bell, Jr., Charles O. Dunn,* for appellee.