51507. HARRIS et al. v. GEORGIA STATE BOARD OF EDUCATION.

QUILLIAN, Judge.

Plaintiff, appellee here, filed a complaint in the State Court of Clayton, County seeking a judgment against the defendants, appellants here, in the principal sum of $2,578 plus interest, attorney fees, and court costs, based upon an alleged default in payment of 4 promissory notes which had been executed by the defendants. The defendants denied any indebtedness to the plaintiff and contended that there has been no default in fulfilling the conditions and obligations regarding repayment of the notes.

The plaintiff filed a motion for summary judgment based on the pleadings, the deposition of the defendant James C. Harris and certain documentary evidence. The

defendants filed an affidavit in response to the motion which duly came on for hearing. The trial judge granted plaintiff's motion for summary judgment and an appeal was taken by the defendants to this court. *Held:*

The notes in question contained the following language: "Upon default of my teaching obligation, I promise to pay Georgia State Board of Education. . . [stated sum] with interest thereon at the rate of five (5%) per cent per annum. This note is made pursuant to the Constitution of Georgia (Code Section 2-5402). The maker(s) has the right and privilege of payment and satisfaction, and cancellation, in the manner and on the conditions provided by law, and the rules, regulations and policies of the State Board of Education. Expenses of enforcing collection of this note shall be borne by the maker(s). The terms and conditions of an agreement entered into this date between maker(s) and the State Board of Education are hereby incorporated in and by reference made a part of this note."

The agreement, sent to this court by supplemental record, provides: "I also agree that if I do not maintain the scholastic average as determined by the State Board of Education, or if I should discontinue a course or program of study for which I am at that time receiving scholarship aid, then the total amount of aid which may have been given me together with interest from the date that I withdrew or graduated from said institution shall become due and payable according to the current policies set forth by the State Board of Education."

The defendant James Harris had dropped out of school after entering into the obligation above and then suffered a heart attack. He stated, however, that he intended to return to school and obtain his degree. He has not been in school since the spring of 1973.

The defendant James Harris contends that there are issues of fact as to whether he defaulted, whether his illness was a sufficient excuse for the temporary suspension of his studies, whether a two-year interruption is unreasonable and whether the failure to obtain a teaching job because of a poor job market and his lack of a college degree is a defense.

As set out above the agreement provides that the

total amount becomes due upon the discontinuance of a course or program of study. There is no provision made regarding the reasons for discontinuing nor whether such discontinuance was temporary or permanent. See *Swindell v. Ga. State Dept. of Education,* 138 Ga. App. 57. In any event, the period of time here shown, which the defendant concedes to be at least 2 years, is sufficient to demand a finding that the defendant had discontinued his course of study. Hence, the amount was due under the terms of the contract and the trial judge did not err in entering judgment for the plaintiff.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

SUBMITTED JANUARY 14, 1976 — DECIDED MARCH 12, 1976.

*Leonard N. Steinberg, Paul E. Cormier,* for appellants.

*Cotton, Katz & White, J. Michael Lamberth,* for appellee.