## 52199. THOMAS v. FIRESTONE TIRE & RUBBER COMPANY.

MARSHALL, Judge.

Thomas appeals the denial of his motion to set aside a default judgment on the grounds that the complaint and summons were defective, with a concomitant motion to dismiss a garnishment based upon the judgment.

Firestone's complaint filed in the Municipal Court of Savannah, in complete disregard of the suggested forms contained in Chapter 81A-3 (Ga. L. 1966, pp. 609, 671 et seq.), consisted of naming the plaintiff and the defendant and the single statement: "Suit $212.35." Personal

service of this complaint was made upon Thomas on September 25, 1975. Thomas made no answer or appearance and on October 8, 1975, default judgment was entered against him.

On October 8, 1975, a summons of garnishment with appropriate affidavit and bond was filed in the same court and service made upon the garnishee on October 17, 1975. Seventy-seven days later a second garnishment was filed on January 2, 1976. For the first time Thomas made an appearance on January 5, 1976, seeking to dissolve the garnishment by petition on the grounds that it was founded upon a void judgment. He moved to set aside that judgment on the ground that the judgment was void as it contained a nonamendable defect. The trial court relying upon the provisions of Ga. L. 1884, 1885, p. 96; 1975, pp. 1291, 1293 (Code Ann. § 46-401 (g)) held there was a conclusive legal presumption of the validity of the second garnishment since Thomas did not file his petition within 20 days after service of the first summons of garnishment (Code Ann. § 46-401 (b) and (g)). The court, holding that the conclusive presumption of validity applied to the underlying judgment, overruled and denied Thomas' motions. Thomas enumerates as error the court's denial of his motions to set aside judgment and vacate the garnishment. *Held:*

1. Firestone has moved this court to dismiss Thomas' appeal upon the grounds that the appropriate court to entertain the appeal is the Superior Court of Chatham County. Ga. L. 1969, pp. 2857, 2859 (2) and 2864 (17), as amended, clearly provides that judgments of the Municipal Court of Savannah are reviewable, as appropriate, by the Supreme Court or the Court of Appeals. Accordingly, the motion to dismiss is denied.

2. We conclude the action of the trial court denying the motions to set aside and vacate was proper but for reasons different from those relied upon by that court. Ga. L. 1976, p. 1608 et seq., repealed Code Title 46, as amended, and enacted a new Code Title 46. The provisions of the new Act made the new title effective on April 7, 1976, to all garnishment cases pending on that date (Ga. L. 1976, p. 1629). A reviewing court should apply the law as it exists at the time of its judgment rather than the law

prevailing at the time of rendition of the judgment under review. *City of Valdosta v. Singleton,* 197 Ga. 194, 208 (28 SE2d 759). See also *Hill v. Willis,* 224 Ga. 263, 265 (161 SE2d 281); *Peoples Bank v. N. C. Nat. Bank,* 230 Ga. 389, 391 (197 SE2d 352); *Turner v. Bank of Zebulon,* 128 Ga. App. 404 (196 SE2d 668). Thus the trial court's reliance upon the 1975 version of § 46-401 (g) was misplaced in view of the 1976 amendment.

Looking to the new Title 46, we note that Ga. L. 1976, pp. 1608, 1617 (Code Ann. § 46-403 (b)) provides: "(b) The validity of the judgment upon which a garnishment is based may only be challenged in accordance with the provisions of the Georgia Civil Practice Act, and no such challenge shall be entertained in the garnishment case. However, where the court finds that the defendant has attacked the validity of the judgment upon which the garnishment is based in an appropriate forum, the judge may order the garnishment released and stayed until the validity of such judgment has been determined in such forum."

In this case the garnishment proceedings and the original judgment happened to be in the same court. Therefore the trial court could properly rule on the validity of the judgment. However, under the new Act we must apply the provisions of the CPA.

The basis of the attack on the judgment is that the complaint and summons are totally defective and the defect is a nonamendable one appearing on the face of the pleadings in that it fails to indicate the nature of the plaintiff's claim. The CPA abolished "issue pleading," substituted in its place "notice pleading," and directs that "all pleadings shall be so construed as to do substantial justice." Code Ann. § 81A-108; *Bourn v. Herring,* 225 Ga. 67, 70 (166 SE2d 89); *Hunter v. A-1 Bonding Service,* 118 Ga. App. 498 (164 SE2d 246); *Byrd v. Ford Motor Co.,* 118 Ga. App. 333 (163 SE2d 327). CPA § 60 (d) (Code Ann. § 81A-160(d)) provides that to be subject to a motion to set aside, it is not sufficient that the complaint or other pleading fails to state a claim upon which relief can be granted, but the pleadings must affirmatively show that no claim in fact existed. Such affirmative requisite does not exist here where the statement attached to and made

a part of the summons (filed under justice of peace procedure) shows that Firestone claims it is proceeding upon a suit against Thomas in an amount of $212.35. See *Loukes v. McCoy,* 129 Ga. App. 167, 168 (199 SE2d 125).

Though this litigation probably would not be before us if Firestone had followed the forms of pleading suggested by the Civil Practice Act, nevertheless we are satisfied that Firestone was entitled to its grant of default judgment. *Loukes v. McCoy,* 129 Ga. App. 167, supra. It follows therefore that the trial court did not err in denying Thomas' motion to set aside the default judgment nor in failing to vacate the garnishment. See *Newell Road Builders, Inc. v. Ramirez,* 126 Ga. App. 850 (192 SE2d 184); *Dillingham v. Doctors Clinic, P. A.,* 236 Ga. 302 (223 SE2d 625).

*Judgment affirmed. Pannell, P. J., concurs. Mc-Murray, J., concurs specially.*

ARGUED MAY 4, 1976 — DECIDED
JUNE 14, 1976.

*Robert B. Remar, Phyllis J. Holmen,* for appellant. *Charles C. Martin,* for appellee.

McMURRAY, Judge, concurring specially.

I concur in the opinion and judgment here because the Civil Practice Act has abolished issue pleading and substituted in its place notice pleading and directs that all pleadings shall be so construed as to do substantial justice. See Code Ann. § 81A-108 (§ 8 CPA). Section 8 also requires an original complaint which shall contain facts "upon which the court's venue depends," "set forth a claim for relief," and shall contain "a short and plain statement of the claim," and "a demand for judgment." We have for decision here the question of whether the complaint and summons in this instance is sufficient. In this instance same is a combination complaint and summons, which is apparently a holdover from the old Justice of the Peace practice in the Municipal Court of Savannah. The entire complaint is as follows:

44

State of Georgia
County of Chatham
In the Municipal Court of Savannah

FIRESTONE TIRE & RUBBER COMPANY,
AN OHIO CORP.

versus

GERALD THOMAS

SUIT

$212.35

TO THE SHERIFF OF THE MUNICIPAL COURT OF SAVANNAH AND HIS LAWFUL DEPUTIES, TO ALL AND SINGULAR THE SHERIFFS OF THE STATE AND THEIR LAWFUL DEPUTIES, AND TO ANY LAWFUL CONSTABLE OF SAID STATE. **Greeting:**

The Defendant _____ (s) resident of said county

(is, are) hereby required, personally or by Attorney, to be and appear in the next Municipal Court of Savannah on the first Tuesday, being the __7th__ day of ____October____ next, at 10 A.M., then and there to answer the Plaintiff on the merits of the foregoing petition; as in default of such appearance the said Court will proceed as justice may require.

WITNESS the Honorable Victor H. Mulling, Senior Judge of said Municipal Court, this __22nd__ day of September _____ in the year of our Lord, One Thousand Nine Hundred and __75__.

_____
Deputy Clerk, Municipal Court of Savannah

_____
Plaintiff's Attorney
CHAS. C. MARTIN
130 HABERSHAM STREET
SAVANNAH, GEORGIA 31401

Firestone Tire & Rubber Company, an Ohio Corp. Plaintiff vs. Gerald Thomas Defendant

Since it appears that service was duly made in the foregoing case and that other requirements of law have been met, the Court hereby renders judgment for Plaintiff against Defendant for Two Hundred & Twelve Dollars and Thirty five cents $212.35 as principal, _____ Dollars and _____ Cents ($ _____) as interest, _____ Dollars and _____ Cents ($ _____) as attorney fees, and all cost of Court.

1. Because of a default
2. Upon proof submitted.
3. By agreement of the parties.

In Open Court this __7__ day of __October__, 19 __75__

/S/ Victor H. Mulling
Judge Municipal Court of Savannah

A default judgment was issued and at least two garnishments have resulted from the judgment in favor of the plaintiff. Defendant has moved to vacate and set aside the judgment because "the summons is so defective that no legal judgment can be rendered," and "the summons and complaint fail to comply with the provisions of Ga. Code Ch. 81A."

This case seems to extend to the very limit the brevity with which our notice pleadings can be used in considering such cases as *Loukes v. McCoy,* 129 Ga. App. 167, 168 (199 SE2d 125); *Martin v. Approved Bancredit Corp.,* 224 Ga. 550, 552 (163 SE2d 885); *Bourn v. Herring,* 225 Ga. 67, 70 (166 SE2d 89); *McKinnon v. Neugent,* 225 Ga. 215, 217 (167 SE2d 593); *Residential Developments, Inc. v. Mann,* 225 Ga. 393 (169 SE2d 305); *Chancey v. Hancock,* 225 Ga. 715, 716 (171 SE2d 302); *Mitchell v. Dickey,* 226 Ga. 218, 220 (1) (173 SE2d 695); *Oliver v. Irvin,* 230 Ga. 248 (196 SE2d 429). However, by looking to the "four corners" of the combination complaint and summons and construing same most strongly in favor of the pleader, as we must in consideration of our new notice pleadings, it appears that the requirements of Code Ann. § 81A-108 have been met. For this reason I must concur.