## 56870. WILLIAMS v. STATE MEDICAL EDUCATION BOARD OF GEORGIA.

SHULMAN, Judge.

Appellee-State Medical Education Board of Georgia (hereinafter "Board") instituted legal proceedings to recover principal plus interest on a loan extended to appellant-physician (then medical student). This appeal follows the grant of summary judgment in favor of the

Board. We reverse.

1. This loan was made by the Board under the authority of Code Ann. Ch. 32-30. The loan agreement provided in pertinent part that funds were advanced for appellant's medical education expenses "upon the condition that the full amount thereof shall be repaid to the State of Georgia in services to be rendered by the applicant by practicing his profession at some place within the State of Georgia to be approved by the Board." Other relevant clauses read as follows: "One-fifth of the total scholarship, together with the interest thereon, will be credited to the applicant for each year of practice when he has practiced his profession for three years in a community of 10,000 or less according to the United States 1960 census. . ." "The Board shall have the authority to cancel this contract at any time upon cause deemed sufficient by the Board. Upon cancellation of the contract for any cause whatsoever, the total amount of the scholarship shall at once become due and payable. . ." As to these latter clauses, see Code Ann. §§ 32-3005 and 32-3006. See generally *Swindell v. Ga. State Dept. of Ed.,* 138 Ga. App. 57 (2) (225 SE2d 503).

This litigation arose when the Board exercised its power to cancel the loan and accelerate the indebtedness following the Board's refusal to approve Smyrna, Georgia, as an area qualifying for the service/repayment provision of the loan contract. Under the evidence as developed on summary judgment, we agree that summary judgment was improperly granted at this time.

A. Appellee maintains that summary judgment was proper on the basis that the contract imposed a population limit of 10,000 for qualified cities and that Smyrna has a population in excess of that amount. We disagree.

Appellant, by affidavit, has averred that he is not currently practicing in the city limits of Smyrna, but rather is practicing in an unincorporated area of Cobb County. Answers to interrogatories established that appellant is practicing in rural Smyrna. Under the evidence as developed, there is a genuine issue of material fact as to the location and the demographic characteristics of the community (i.e., "rural Smyrna") where appellant chose to practice.

B. Contrary to appellee's argument, summary judgment was not proper on the ground that the contract vested in the Board the right to cancel at any time "for cause deemed sufficient by the Board." "[W]here a decision is left to the discretion of a designated entity, the question is not whether it was in fact erroneous, but whether it was in bad faith, arbitrary or capricious so as to amount to an abuse of that discretion." *McDougald Const. Co. v. State Hwy. Dept.,* 125 Ga. App. 591 (1) (188 SE2d 405). Appellant's answer and counterclaim asserted that the Board's actions in refusing to approve Smyrna were arbitrary and capricious. Appellant's affidavit in opposition to the summary judgment motion attempted to raise the issue of appellee's lack of good faith by asserting that the reasons stated by the Board for refusing to approve Smyrna are contrary to the facts and therefore without basis; by averring that he was never provided reasonable standards to use as a guideline; and by asserting that he was ready, willing and able to comply with his contract by relocating in a rural area or small community in Cobb County approved by the Board. The Board's affidavits do not address the issue of bad faith.

C. It is undisputed that the Board declined to approve appellant's request to repay the loan obligation by practicing medicine in Smyrna, Georgia. It is also undisputed that the contract provided that appellant practice in an area approved by the Board. See in this regard *Commercial Mtg. &c. Corp. v. Greenwich Savings Bank,* 112 Ga. App. 388 (145 SE2d 249), imposing a good faith obligation on a contracting party who has retained a right of approval.

As appellant's affidavits raise genuine issues of material fact as to whether the Board acted in good faith in rejecting his request to practice in Smyrna, and the Board's affidavits are silent as to this issue, summary judgment could not be proper on the ground that Smyrna was not an approved city.

D. It may very well be, contrary to appellant's assertions, that the Board has acted in good faith in rejecting appellant's request to practice in rural Smyrna. Compare *Stone Mtn. Properties v. Helmer,* 139 Ga. App.

865, 871, fn. 4 (229 SE2d 779), where the court held that a party acted in good faith as a matter of law.

Under the evidence as developed, however, the demographic characteristics of "rural Smyrna" do not appear. The rules and regulations of the State Medical Education Board under which the contract was issued, and which would presumably set forth criteria for qualifying cities or list approved cities, are not in the record. See, e.g., *Allen v. State Personnel Board,* 140 Ga. App. 747 (1) (231 SE2d 826), as to the court's inability to take judicial notice of such rules and regulations. Compare Code Ann. § 3A-108, allowing this court to take judicial notice of rules effective pursuant to the Ga. Administrative Procedure Act, with Code Ann. § 3A-102 (f) (9), exempting rules relating to loans, grants and benefits from operation of the Ga. Administrative Procedure Act.

2. By way of counterclaim, appellant asserted that the State Medical Education Board did not comply with his demand for a hearing. On appeal, appellant asserts that Code Ann. § 3A-114 requires a hearing. It is submitted that the Board's actions in canceling the loan without such a hearing were void and preclude summary judgment in its favor. This is not well taken.

Assuming, without deciding, that some of the provisions of the Ga. Administrative Procedure Act are applicable to the State Medical Education Board (see in this connection Code Ann. § 3A-102 (a), defining agency, and Code Ann. § 3A-102 (f), exempting rules relating to loans, grants and benefits from the operation of the Act), that Act does not require a hearing in this case. The Code Ann. § 3A-114 hearing provisions are limited to contested cases, i.e., proceedings in which legal rights, duties or privileges of a party are required by law to be determined by an agency after an opportunity for a hearing. See Code Ann. § 3A-102 (b). Code Ann. Ch. 32-30 does not require such a hearing. Such a hearing is not constitutionally or otherwise required by law. Therefore, the decision of the Board was not within the regulatory scope of the Ga. Administrative Procedure Act and appellant was not entitled to a hearing. Summary judgment could not have been improper on this basis.

3. We conclude, for the reasons stated in Division 1 of this opinion, that appellee's motion for summary judgment was not supported on certain material points by a sufficient showing from which it can be properly determined that there existed no genuine issues of material fact.

*Judgment reversed. Quillian, P. J., and Birdsong, J., concur.*

SUBMITTED OCTOBER 30, 1978 — DECIDED MARCH 8, 1979 — REHEARING DENIED MARCH 22, 1979 — 

*Richard E. Thomasson,* for appellant.
*Cotton, Katz, White & Palmer, J. Michael Lamberth,* for appellee.