## 57925. CLARY v. THE STATE.

McMurray, Presiding Judge.

Defendant was indicted for two counts of aggravated assault in that he did on a certain date unlawfully commit an assault upon two separate persons by shooting them with a pistol. He was then tried and convicted on November 9, 1978, as to Count 1, the jury finding him not guilty as to Count 2. He was sentenced to serve five years. On February 28, 1979, the trial court denied defendant's motion for new trial, as amended. Defendant appeals. *Held:*

1. The evidence was sufficient to support the verdict. *Harris v. State,* 234 Ga. 871, 873 (218 SE2d 583); *Harris v. State,* 236 Ga. 766, 767 (225 SE2d 263); *Moore v. State,* 240 Ga. 807, 811 (II(1)) (243 SE2d 1). Although it is not the duty of this court to sit as a jury to weigh the evidence and credibility of the witnesses and arrive at an independent verdict we have reviewed the trial transcript and record. Upon doing so we hold that the jury, as a rational trier of fact, could readily have found the defendant guilty beyond a reasonable doubt of the offense of aggravated

assault as to Count 1.

2. Our attention has been given to the fact that in 1979 the General Assembly changed the language in the first voir dire question in Code Ann. § 59-806 (Ga. L. 1979, p. 1047) from "prisoner at the bar" to "accused." This change became effective April 16, 1979, upon its approval by the Governor. This first voir dire question for more than a hundred years prior to this amendment has been: "Have you, from having seen the crime committed, or having heard any of the testimony delivered on oath, formed and expressed any opinion in regard to the guilt or innocence of the prisoner at the bar?" This question, as now amended, presently asks: "Have you, for any reason, formed and expressed any opinion in regard to the guilt or innocence of the accused?" Code § 102-104 states that laws looking only to the "mode of trial may apply to . . . offenses entered into or accrued or committed prior to their passage." Further, it is argued that the decisions of the Supreme Court of Georgia require us to apply the law as amended even though the trial court had entered its judgment prior to the effective date of the revised Code section. In *Peoples Bank v. N. C. Nat. Bank,* 230 Ga. 389, 391 (197 SE2d 352) the Supreme Court stated in that case "the controlling procedural rule was changed pending appeal, and the case must be concluded in the trial court pursuant to the provisions of the rule as it now exists." That court then held that the statute there, "as reenacted . . . is applicable . . ." to that case. As to other cases holding that the appellate courts must apply the law as its exists at the time of the appellate court judgment, even though it may change the judgment of the trial court which was correct at the time it was rendered, see the following cases: *City of Valdosta v. Singleton,* 197 Ga. 194, 208 (28 SE2d 759) and cits.; *Hill v. Willis,* 224 Ga. 263, 265 (161 SE2d 281); *Turner v. Bank of Zebulon,* 128 Ga. App. 404, 405 (196 SE2d 668); *Thomas v. Firestone Tire &c. Co.,* 139 Ga. App. 40, 42 (227 SE2d 870); *Woodburn v. Western Union Tel. Co.,* 95 Ga. 808, 810 (23 SE 116); *Crawford v. Irwin,* 211 Ga. 241, 245 (85 SE2d 8).

However, be that as it may, it is noted that in the very next voir dire question in Code Ann. § 59-806, supra, which question likewise has existed for more than a

hundred years and still exists, the language "prisoner at the bar" is again used although thereafter in the third voir dire question the words "the accused" was the wording. The objection urged in the trial court and in the enumeration of error was to the use of the language "the prisoner at the bar" in both of these questions (1 and 2). While we do not understand why the General Assembly elected to change the language ("prisoner at the bar") in one voir dire question and leave the same language in the other, nevertheless, based upon the enumeration of error as presented, we decline to reverse the judgment and decline to hold that the reference to the defendant as "the prisoner at the bar" was not "the truth" and was "prejudicial to the Defendant." Attention is here called to the fact that during the trial the defendant also raised a constitutional attack on the statute but has failed to seek a review of the constitutional attack on appeal so as to give the Supreme Court jurisdiction on review.

The enumeration of error is not meritorious.

3. The altercation resulting in the shooting of the victim, the property manager of certain apartments, resulted when he and the resident manager approached the apartment of the defendant with reference to complaints that the defendant had been annoying or harassing his neighbors the previous night. The defendant contended that the neighbors had been keeping him awake all night. The victim asked to see the gun which the defendant finally produced and subsequently the gun, after being returned to the bedroom, was used in the shooting when blows were struck following further argument. Defendant's defense was that he was justified in shooting his gun, and he did not mean to hurt anyone.

Contention is here made that the trial court improperly allowed the state to introduce evidence, over objection, of prior incidents when the defendant was discharging firearms. Counsel for defendant contended that these attempts had no connection whatever with the charges as described in the indictment, were not a part of the res gestae and entirely irrelevant and immaterial to the complaint against the defendant. Whereupon, the trial court allowed same for the sole purpose of showing intent and bent of mind. It was allowed for this purpose

only, the court stating it would not be considered respecting the guilt or innocence of the defendant. Under Code § 38-302 the trial court did not err in allowing the evidence for the reason stated. See *Overton v. State,* 230 Ga. 830, 835 (4) (199 SE2d 205); *Anderson v. State,* 222 Ga. 561, 563 (3) (150 SE2d 638); *Gunter v. State,* 223 Ga. 290, 291 (4) (154 SE2d 608); *McNeal v. State,* 228 Ga. 633, 637 (187 SE2d 271); *Suber v. State,* 176 Ga. 525 (1) (168 SE 585); *Barkley v. State,* 190 Ga. 641 (2) (10 SE2d 32).

4. An objection was made by the state as to an observation made by the defense witness that looking from the defendant's front door she could not see the front door of the apartment of a state's witness. The trial court ruled out her testimony instructing the jury not to consider it as to this particular point. It appears that the court's understanding of the question asked of this witness was erroneous inasmuch as the witness explained why she could not stand in front of the defendant's apartment and observe the other apartment. However, the error is harmless inasmuch as it is immaterial and irrelevant to the issue involved in this case, and this was the only part of her testimony which was stricken by the court. There is no merit in this complaint.

5. Two other enumerations of error are that the trial court erred in failing to charge that a person will not be presumed to act with criminal intention (see Code § 26-605) and failed to give the jury a definition of a crime as a violation of a statute in which there shall be a union of joint operation of act, or omission to act, and intention, or criminal negligence (Code § 26-601). It appears that certain written requests were made but we do not find them in the record. However, the defendant seemingly does not contend that these were requests to charge but that it was error for the court to fail to give these statutes to the jury under the circumstances of this case. In *Thomas v. State,* 234 Ga. 615, 618 (216 SE2d 859), in answer to certified questions by this court the Supreme Court has stated that where a criminal defendant fails to request a charge or fails to object to the trial court's omission to charge, "such failure to request or object has been [held to be] decisive against him." See *McCorquodale v. State,* 233 Ga. 369, 373 (II) (2) (211 SE2d 577); *Thomas*

*v. State,* 233 Ga. 237, 241 (4) (210 SE2d 675); *Tanner v. State,* 228 Ga. 829, 833 (8) (188 SE2d 512); *Spear v. State,* 230 Ga. 74, 75 (1) (195 SE2d 397). There is no merit in these complaints.

6. As the jury has the duty of determining the credibility of witnesses, the trial court did not err in instructing the jury that "[i]f there are conflicts in the testimony, it is your duty to try to reconcile those conflicts, if you can do so, so as not to impute perjury to any witness who has been sworn. But, if there are conflicts you cannot reconcile, you should believe that witness or those witnesses you think most entitled to credit." See *White v. State,* 74 Ga. App. 634, 636 (40 SE2d 782). See also *Ridley v. State,* 236 Ga. 147, 149 (223 SE2d 131).

*Judgment affirmed. Banke and Underwood, JJ., concur.*

ARGUED JUNE 13, 1979 — DECIDED SEPTEMBER 12, 1979.

*Donald C. Turner,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney,* for appellee.