69601. CAPITAL ASSOCIATES, INC. v. KEOHO et al.
(327 SE2d 586)

BIRDSONG, Presiding Judge.

Default Judgment — Waiver. William Keoho entered into a written lease for certain equipment. At the time of the lease, Ms. Petroni apparently was the associate or secretary working for Keoho. Payments for the leased equipment came into default. Capital then brought suit against Keoho and Petroni for the back payments and attorney fees authorized in the lease document. This suit was filed on February 7, 1983. Service of process was obtained against Ms. Petroni on March 11, 1983, but Keoho could not be found. It is conceded that Ms. Petroni did not file an answer to the complaint. On December 16, 1983, Capital secured a default judgment against Ms. Petroni in the amount of $2,372.15 and $355.82 attorney fees. Ms. Petroni still remained wholly quiescent even in the face of the judgment.

On January 19, 1984, Capital filed post judgment interrogatories.

At this point, Ms. Petroni moved for production of documents from Capital, particularly seeking a copy of the lease agreement. This was furnished by Capital. Ms. Petroni moved on April 23, 1984, for the setting aside of the default judgment asserting that she was not a party to the lease and there was a nonamendable defect which appeared on the face of the record. Capital at the same time moved for the compelling of answers to its interrogatories. The trial court conducted a hearing on both motions on June 1 and considered the motion to set aside first. The court accepted the argument that because Capital had referred in the complaint to the actual written lease, the absence of that lease as an attachment to the complaint constituted a nonamendable defect. On June 21, the trial court granted the motion to set aside the judgment and constituted the action to be with prejudice to Capital. Capital brings this appeal urging error by the trial court in its finding of a nonamendable defect on the face of the complaint. *Held*:

The Civil Practice Act, OCGA § 9-11-12 (a) requires the service of an answer within 30 days of summons and complaint. From the earliest times, this state has required a defendant promptly to make a defense, if any, for the law does not favor the negligent or sleepy. *Stroup v. Sullivan*, 2 Ga. 275. This rule finds its enforcement in the default judgment provisions. Thus a defense of failure to state a claim will be waived if no assertion of that defense is made before judgment. *Adams v. Wright*, 162 Ga. App. 550, 551 (293 SE2d 446). More pertinently, a motion to set aside a judgment must be predicated upon a nonamendable defect which appears on the face of the record. *Emery Enterprises v. Automatic Fasteners Div.*, 155 Ga. App. 24 (270 SE2d 261). Where the alleged nonamendable defect can be developed only by presentation of evidence, it does not constitute grounds for such setting aside. *Wiley v. Wiley*, 233 Ga. 824, 826 (213 SE2d 682); *Glenn v. Maddux*, 149 Ga. App. 158 (253 SE2d 835).

In this case, Capital alleged that Ms. Petroni owed a sum certain plus attorney fees based upon a breach of a lease. Prima facie this alleged a legal debt owed. In this state the practice of complicated, detailed, specific issue pleading has been abolished and a procedure of notice pleading has been substituted. Considering this change this state further has mandated that notice pleadings should be construed so as to do substantial justice. *Bourn v. Herring*, 225 Ga. 67, 70 (166 SE2d 89); *Loukes v. McCoy*, 129 Ga. App. 167, 168 (199 SE2d 125). Thus in a case alleging only that the defendant owed $212.35, this court held that on its face the complaint asserted a valid indebtedness and was not subject to motion to set aside because the underlying basis of the indebtedness was not contained in the pleadings. *Thomas v. Firestone Tire &c. Co.*, 139 Ga. App. 40, 42 (227 SE2d 870). In this case, the pleading, rather than showing on its face that

there is no claim available to Capital, alleged a debt due. Thus if Ms. Petroni was dissatisfied with the specificity of the allegation of indebtedness, she should have moved for dismissal for lack of specificity. We are satisfied that the allegation of indebtedness was subject to an amendment; thus if there was a defect of pleading, it clearly was amendable. See *Candler v. Orkin*, 129 Ga. App. 721 (200 SE2d 909). Lastly a judgment may not be attacked by motion to set aside on a ground which could have been discovered by the exercise of reasonable diligence. *Camp v. Fidelity Bankers Life Ins. Co.*, 129 Ga. App. 590, 591 (200 SE2d 332).

On the basis of the foregoing, we conclude the trial court erred in setting aside the judgment in favor of Capital by finding a nonamendable defect in the pleadings.

*Judgment reversed. Carley and Beasley, JJ., concur.*

DECIDED MARCH 4, 1985.

*Marshall H. Jaffe*, for appellant.
*Johnnie C. Wages, Roy David Petersen*, for appellees.