**RESOLUTION TRUST CORPORATION, Successor in Interest to Federal Savings and Loan Insurance Corporation as Conservator for Great Southern Federal Savings and Loan Association**

v.

**Bill J. DISMUKE**

v.

**RESOLUTION TRUST CORPORATION, Successor in Interest to Federal Savings and Loan Insurance Corporation as Receiver for Great Southern Federal Savings Bank.**

**Civ. No. 1:89–cv–1650–ODE.**

United States District Court, N.D. Georgia, Atlanta Division.

Aug. 10, 1990.

[redacted]

[redacted]

[redacted]

[redacted]

---

James Robert Gardner, Adams, Gardner & Ellis, Savannah, Ga., Mark S. Marani, Small & White, Atlanta, Ga., Kathleen Horne, Inglesby, Falligant, Horne, Savannah, Ga., for plaintiff and counter-defendant.

Robert D. Feagin, III, John Kasey Saunders, Gambrell, Clarke, Anderson & Stolz, Atlanta, Ga., for defendant Bill J. Dismuke.

ORDER

ORINDA D. EVANS, District Judge.

This action to recover on a note is before the court on Plaintiff's motion for summary judgment.

On July 1, 1987, Defendant and two other individuals signed a one million dollar real estate note with the Great Southern Federal Savings and Loan Association ("Great Southern"). Apparently, the note was renewed several times. On June 21, 1989, the Federal Savings and Loan Insurance Corporation ("FSLIC") became the conservator for Great Southern. On August 9, 1989, the Resolution Trust Corporation ("Resolution Trust") took over the duties of the FSLIC. Resolution Trust now moves for summary judgment.

Resolution Trust asserts that under *D'Oench, Duhme & Co. v. FDIC,* 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942), 12 U.S.C. § 1823(e), the Financial Institutions Reform, Recovery and Enforcement Act of 1989, 135 Cong.Rec. H5172–05, § 201(a)(1), Pub.L. No. 101–73, 103 Stat. 183 *et seq.* (1989) ("FIRREA"), and federal holder in due course common law, it is entitled to what amounts to absolute immunity against affirmative defenses that are not written and were not executed simultaneously with the note sued upon.

Defendant asserts that Resolution Trust is not entitled to these defenses as: (1) *D'Oench* does not apply because of Great Southern's agreement, after execution of the note, to renew the debt until the property was sold, (2) 12 U.S.C. § 1823(e) does not apply because the FDIC as a corporation did not acquire this loan as security for a loan or purchase, (3) FIRREA cannot apply retroactively to this case, (4) the Eleventh Circuit's recent decision in *FSLIC v. Two Rivers Associates* is distinguishable, and (5) genuine issues of material fact remain with regard to the amount that Plaintiff is owed and the part of that debt that is attributable to Defendant.

This case is governed by *FSLIC v. Two Rivers Associates,* 880 F.2d 1267 (11th Cir. 1989). The Eleventh Circuit in *Two Rivers* held that the *D'Oench Duhme* doctrine and 12 U.S.C. § 1823(e) apply to the FSLIC as a receiver and bar undocumented defenses such as those asserted by Defendant. Defendant asserts that the ruling in *Two Rivers* is incorrect and should be overruled. Whatever the merit of this assertion, it is not for this court to overrule decisions of the Eleventh Circuit.

[redacted] Defendant's defenses are also barred by FIRREA. Though Defendant asserts that FIRREA should not be applied retroactively, "a court is to apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary." *Bradley v. Richmond School Board,* 416 U.S. 696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476 (1974). *See also, Lussier v. Dugger,* 904 F.2d 661, 666 (11th Cir.1990). *But see, Kaiser Aluminum v. Bonjorno,* — U.S. —, 110 S.Ct. 1570, 108 L.Ed.2d 842 (1990) (four Justices declined to reach the issue of retroactivity, one Justice adopted a pro-

spective-only rule, and four justices adopted *Bradley*. Given the application of *Two Rivers* to this case, it is clearly not manifestly unjust to bar Defendant's defenses under FIRREA. In the absence of manifest injustice and legislative history forbidding retroactive application of FIRREA, the statute is applied retroactively to bar Defendant's defenses. *See Demars v. First Service Bank for Savings*, 907 F.2d 1237, 1238 (1st Cir.1990).

■■■ Defendant asserts that genuine issues remain regarding his business relationship with the other individuals who signed the note. While genuine issues may remain, they are not material to this lawsuit given the fact that the note provides for joint and several liability. *See*, O.C. G.A. § 11-3-118(e); *Moore v. Lindsey*, 662 F.2d 354, 359 (5th Cir.1981). Defendant also asserts that Plaintiff's settlement with Miles Mason leaves the amount of the debt in dispute due to possible waiver of a portion of the debt. It is clear, however, that Defendant is entitled to a setoff only for the amount actually paid on the bankruptcy settlement, and that Mr. Mason's bankruptcy discharge has no other effect on Defendant's liability. *Union Carbide Corp. v. Newboles*, 686 F.2d 593, 595 (7th Cir.1982); *R.I.D.C. Indus. Development Fund v. Snyder*, 539 F.2d 487, 494 (5th Cir.1976), *cert. denied*, 429 U.S. 1095, 97 S.Ct. 1112, 51 L.Ed.2d 542 (1977). The evidence indicates that Defendant is thus entitled to a setoff of $1,311.78. Defendant further maintains that Plaintiff's failure to timely sell the foreclosed property constituted a failure to mitigate damages. This defense is unavailable as a matter of law where, as here, sale of the foreclosed property was prohibited by a bankruptcy stay. Finally, Defendant contends that he is not liable for Plaintiff's attorneys' fees. The note between the parties provides that "in case this note is collected by law or through an attorney at law, or under advice therefrom, the undersigned agrees to pay all costs of collection, including 15 percent of the principal and interest as attorney's fees." Such provisions are enforceable under Georgia law if the required notice is provided. *See Harrison v. Harrison*, 208 Ga. 70,

65 S.E.2d 173 (1951); O.C.G.A. § 13-1-11. The notice provided by Plaintiff in the original complaint satisfies the requirements of O.C.G.A. § 13-1-11(a)(3). *Swindell v. Ga. State Dept. of Ed.*, 138 Ga.App. 57, 58, 225 S.E.2d 503 (1976); *Candler v. Orkin*, 129 Ga.App. 721, 723, 200 S.E.2d 909 (1973).

Accordingly, Plaintiff's motion for summary judgment on the claim and counterclaim is GRANTED. Plaintiff is DIRECTED to file within twenty (20) days of the entry date of this order a proposed order for entry of judgment reflecting the current amount of principal, interest, foreclosure costs and attorney fees owed.

SO ORDERED.