## 53218. NEW HOUSE PRODUCTS, INC. et al. v. COMMERCIAL PLASTICS & SUPPLY CORPORATION.

SHULMAN, Judge.

Plaintiff Commercial Plastics & Supply Corp. filed suit against New House Products, Inc. and Robert Niehaus seeking recovery of principal, interest and attorney fees on a promissory note. The defendants answered jointly denying liability. They now appeal from summary judgment for plaintiff.

1. In their first enumeration of error, appellants contend the trial court erred by disallowing an offset against the principal amount of the note. The record reveals that the offset was based on an alleged failure of consideration, which, as an affirmative defense, must be raised in the pleadings or be waived. Code Ann. § 81A-108 (c); *Searcy v. Godwin,* 129 Ga. App. 827 (201 SE2d 670). Appellants admit the affirmative defense was not raised in any pleading, but assert that defendant Niehaus' testimony in deposition to facts supporting the defense was sufficient to raise the issue.

It is clear from the language of the statute governing use of depositions that a deposition is not a pleading or evidence, but merely potential evidence: ". . . objection may be made at the trial or hearing to receiving in evidence any deposition or part thereof for any reason which would require the exclusion of the evidence if the witness were then present and testifying." Code Ann. § 81A-132 (b). Since plaintiff would have had grounds for the exclusion of testimony at trial of any alleged failure of consideration for failure of the defendant to raise the defense in a pleading (*Knickerbocker Tax Systems, Inc. v. Texaco, Inc.,* 130 Ga. App. 383 (203 SE2d 290)), it has the same right as to such testimony in the deposition. Appellants' argument, therefore, must fail.

2. The second enumeration of error, that it was error to award judgment for interest and attorney fees on the whole amount of the principal without allowance for the offset, is equally without merit in light of our holding in Division 1 of this opinion.

3. Appellant Niehaus contends it was error to allow

judgment against him for attorney fees, alleging plaintiff's failure to give notice of intent to seek attorney fees as required by Code Ann. § 20-506 (c). Niehaus denies receipt of the notice and no proof appears that he did receive notice through the mail. However, the complaint, proper service of which is admitted, contains the following paragraph: "4. Plaintiff has given, and does hereby give, Defendants written notice of Plaintiff's intent to collect attorney's fees, copies of which are attached hereto marked Exhibits 'B' and 'C'." Exhibit "C" is a copy of a letter addressed to Niehaus containing a notice which conforms to the requirements of § 20-506 (c). Previous decisions of this court have made it clear that notice may be given any time between maturity of the obligation and ten days prior to judgment. *One In All Corp. v. Fulton Nat. Bank,* 108 Ga. App. 142 (132 SE2d 116); *Turner v. Bank of Zebulon,* 128 Ga. App., 404 (196 SE2d 668); *Candler v. Orkin,* 129 Ga. App. 721 (200 SE2d 909). But none of those cases has addressed the question presented here: whether the requirements of Code Ann. § 20-506 (c) are met by a pleading which alleges both a prior giving of notice of intent to seek attorney fees and a concurrent giving of such notice by the pleading itself.

Code Ann. § 20-506 (c) is clearly intended to require a creditor to give a debtor an opportunity to meet his obligation without incurring additional expense in the form of attorney fees. The section contains no requirement that the notice be communicated by any specific means other than that it be in writing. A 1968 amendment added a provision providing that refusal to accept notice shall be the equivalent of such notice. Ga. L. 1968, p. 317. This amendment was obviously an effort to limit the ability of a debtor to thwart by avoidance a creditor's attempt to enforce his lawful remedies. To hold, as appellant contends we must, that actual receipt of the notice by mail is required in order to recover attorney fees would be to fly in the face of legislative intent and common sense. We hold, therefore, that where a pleading, setting up a claim on a note or other evidence of indebtedness which authorizes recovery of attorney fees, alleges that notice of intent to seek attorney fees has been given and that notice is thereby given, and the notice otherwise conforms to the

requirements of Code Ann. § 20-506 (c), such notice is sufficient to authorize an award of attorney fees. It was not error to enter judgment for attorney fees against Niehaus.

4. Appellants' final enumeration contends that tender of a portion of the amount due precludes an award of interest and attorney fees on the amount tendered. This argument is without merit. "It must be in full of the specific debt, and not in part . . ." Code Ann. § 20-1105; *Smith v. Pilcher,* 130 Ga. 350 (60 SE 1000).

*Judgment affirmed. Quillian, P. J., and Stolz, J., concur.*

ARGUED JANUARY 11, 1977 — DECIDED FEBRUARY 7, 1977.

*Levy, Buffington & Adams, M. Alvin Levy, D. Merrill Adams,* for appellants.

*Lipshutz, Zusmann, Sikes, Pritchard & Cohen, Charles E. Lamkin,* for appellee.