## 67802. YALANZON v. CITIBANK (SOUTH DAKOTA) N. A.

BANKE, Judge.

Appellee, Citibank, sued appellant, Sam C. Yalanzon, on open account for $478.02, plus attorney fees and costs. Yalanzon coun-

terclaimed for $5,000 "arising out of plaintiff's harassment and unlawful telephone calls to defendant and to employees of defendant in violation of federal and state laws." The trial court granted summary judgment to Citibank both as to the counterclaim and as to the suit on account, awarding it $478.02 principal, $71.70 attorney fees, and costs. Yalanzon appeals.

Citibank submitted affidavits and documentary evidence showing that Yalanzon had been issued a VISA card in June 1980 and that on November 1, 1982, the balance due on the account was $470.26. Yalanzon asserted in his answer that his liability would not exceed the approximate amount of $300.00, and he submitted affidavits alleging that he had not been credited with various payments made on the account. Attached to one of these affidavits were seven checks totalling in excess of $600.00, all endorsed by Citibank and dated between November 1980 and April 1981. Citibank has not submitted any detailed statement of the account from which it might be determined whether these payments were properly credited to Yalanzon. *Held:*

1. We hold that under the pleadings and evidence of record, a genuine issue of material fact exists as to the actual balance due on the account; accordingly, the trial court erred in granting summary judgment to Citibank on its complaint. See generally OCGA § 9-11-56 (Code Ann. § 81A-156).

2. Material issues of fact may also remain as to Yalanzon's counterclaim for damage for harassing telephone calls allegedly made to him "in violation of federal and state laws." Citibank submitted an affidavit in support of its motion for summary judgment averring that its principal business is banking and that it does not engage in the business of collecting debts, except for those owed to itself. This affidavit pierced the allegations of Yalanzon's counterclaim insofar as it purports to assert any claim under the "Fair Debt Collection Practices Act," 15 USCA § 1692. See Staub v. Harris, 626 F2d 275 (3d Cir. 1980). However, if the alleged telephone calls were made with the deliberate intention of causing emotional distress on Yalanzon's part, then he could conceivably recover for the tort of intentional infliction of emotional distress. See generally *McCoy v. Ga. Baptist Hosp.,* 167 Ga. App. 495 (2) (306 SE2d 746) (1983); *Ga. Power Co. v. Johnson,* 155 Ga. App. 862, 863 (274 SE2d 17) (1980). Although Yalanzon has produced no evidence that such calls were made, Citibank's affidavits do not specifically deny the allegation. A party moving for summary judgment on the ground that the opposing party has no valid claim has the burden of producing evidence which negatives that claim. See *Kroger Co. v. Cobb,* 125 Ga. App. 310 (3) (187 SE2d 316) (1972).

Citibank has not sustained its burden of showing the absence of a genuine issue of material fact as to the counterclaim in this case.

3. The remaining enumerations of error are rendered moot by the foregoing.

*Judgment reversed. Shulman, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 24, 1984.

Sam C. Yalanzon, *pro se.*
*Robert A Fierman,* for appellee.