A93A0111. TREBOR CORPORATION v. NUTMEG
INDUSTRIES, INC.
(431 SE2d 402)

JOHNSON, Judge.

Nutmeg Industries, Inc., manufacturers of plugs used to seal holes bored in connection with termite control, brought an action on account against Trebor Corporation, its distributor. Trebor denied the indebtedness and filed a counterclaim for breach of the distributorship agreement. The trial court granted Nutmeg's motion for summary judgment on both the main claim and the counterclaim, reserving the issue of attorney fees. Trebor files this appeal asserting that the trial court erred in entering summary judgment because genuine issues of material fact remain regarding both the main and counterclaims.

1. Although Trebor denied the indebtedness in its answer, Nutmeg submitted a letter from Trebor's attorney received prior to the initiation of the suit, which acknowledged a debt of $24,817.53. At his deposition, Robert Black, Trebor's principal, admitted that the sum had still not been paid. " 'When a motion for summary judgment is made and supported as provided in this Code section, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise as provided in this Code section, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment . . . shall be entered against him.' OCGA § 9-11-56 (e)." *Lightwerk Studios v. Door Units of Ga.,* 191 Ga. App. 756, 757 (3) (382 SE2d 699) (1989). Trebor's only contention is that an oral contract between Trebor and Nutmeg establishing a permanent distributorship allowed a set-off for advertising expenses. Even if such a contract was enforceable, Black's affidavit submitted in opposition to Nutmeg's motion for summary judgment sets forth no specific amount to which he believes he is entitled. "Mere conclusions are not sufficient to withstand specific facts. A party opposing a motion for summary judgment, where the moving party has presented evidence of the necessary certitude, must, in his opposing affidavits, set forth specific facts showing a gen-

uine issue to be decided." (Citations and punctuation omitted.) *Beamon v. Ga. Power Co.*, 199 Ga. App. 309, 313 (404 SE2d 463) (1991). Trebor did not meet its statutory burden and summary judgment was properly entered on the principal amount.

With regard to the award of prejudgment interest, we find that the invoices were a liquidated debt on a commercial account and were therefore subject to prejudgment interest pursuant to OCGA § 7-4-16. See *Dalcor Mgmt. v. Sewer Rooter*, 205 Ga. App. 681, 683 (4) (423 SE2d 419) (1992). The trial court did not err in awarding prejudgment interest.

2. In its counterclaim, Trebor seeks lost profits stemming from sales made by Nutmeg to its former customers for a period of six months following the end of their relationship. This claim is based on "customs of the trade" and Trebor does not assert that the damages it seeks are commissions earned but not yet compensable. See *Arford v. Blalock*, 199 Ga. App. 434 (3) (405 SE2d 698) (1991). The trial court found that the parties had entered into an oral contract for a permanent distributorship, and that such contracts are unenforceable. As this court held in *Atlanta Dairies Cooperative v. Grindle*, 182 Ga. App. 409, 410 (1) (356 SE2d 42) (1987): "The Statute of Frauds would render [Trebor's] alleged oral contract for a 'permanent' distributorship unenforceable. 'Such a contract must be in writing.' (Cit.)" OCGA § 11-1-205 (3), which allows evidence of a course of dealing between parties and any usage of trade to give particular meaning to and supplement or qualify terms of an agreement, is predicated upon the existence of an underlying agreement. *White Lumber Sales v. C. Brinson Lamb & Sons Lumber*, 121 Ga. App. 702, 703 (175 SE2d 81) (1970); *White & Assoc. v. Decker & Hallman*, 203 Ga. App. 14, 15 (1) (416 SE2d 352) (1992). There being no valid underlying agreement, we find that the trial court correctly concluded that Trebor's "custom of the trade" argument was without merit. Entry of summary judgment in favor of Nutmeg on Trebor's counterclaim was not error.

*Judgment affirmed. Blackburn, J., and Senior Appellate Judge John W. Sognier concur.*

DECIDED APRIL 27, 1993 —
RECONSIDERATION DENIED MAY 25, 1993 ▮

*George R. Dean*, for appellant.
*Hunton & Williams, Alan M. Wolper*, for appellee.