# A08A0290. LONG v. HOGAN.

(656 SE2d 868)

BLACKBURN, Presiding Judge.

In this action to recover on a $4,800 promissory note with past due interest of $1,459.12, defendant Jerry W. Long appeals the grant of summary judgment to plaintiff Keith Hogan, arguing that the amount of attorney fees awarded ($10,195.40) was excessive. Because OCGA § 13-1-11 (a) (2) limits the recovery of attorney fees to percentages of 15 percent or less on the principal and interest owed, we reverse.

Summary judgment is only proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. *Matjoulis v. Integon Gen. Ins. Corp.*[1]

So viewed, the evidence shows that in December 2002, Long executed a $4,800 note bearing seven percent interest in favor of Hogan. Even though Hogan knew Long no longer had an interest in certain real property, Hogan had Long later execute a security deed to Hogan on that property to secure the note. When Long defaulted on the note, Hogan began foreclosure proceedings on the property, which proceedings the landowner successfully had a court enjoin. As a consequence of Hogan's bad faith misconduct in bringing the foreclosure proceedings, the court required Hogan to reimburse the landowner $5,000 in attorney fees under OCGA § 13-6-11.

Hogan then sued Long on the note, seeking to recover not only the principal and interest due on the note, but also to recover the $5,000 in attorney fees he paid for his bad faith misconduct in bringing the aborted foreclosure proceedings and to recover Hogan's attorney fees actually incurred in bringing the action on the note. Hogan pointed to the note's provision that Long agreed "to pay the actual expenditures in any attempt to collect the amount due." Hogan in the complaint gave the ten-day notice required by OCGA § 13-1-11 (a) (3). See *Upshaw v. Southern Wholesale Flooring Co.*[2] (ten-day notice in complaint is sufficient).

Long defended on the grounds that the attorney fees could not exceed the specified percentages set forth in OCGA § 13-1-11. Hogan moved for summary judgment, and at the oral argument on the

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

[2] *Upshaw v. Southern Wholesale Flooring Co.*, 197 Ga. App. 511, 513-514 (4) (398 SE2d 749) (1990).

matter, Long's attorney admitted that Long owed $4,800 plus interest and some limited attorney fees under OCGA § 13-1-11. Hogan argued for attorney fees in the amount of $10,195.40 (the $5,000 in attorney fees paid to the landowner in the foreclosure proceeding[3] and an additional $5,195.40 for fees actually incurred in bringing the action on the note). Amending its initial oral announcement from the bench, the court eventually concluded that summary judgment was proper in the amount of $16,454.52, which included $4,800 in principal, $1,459.12 in interest, and the requested attorney fees of $10,195.40.

1. Long complains that the court erred in orally announcing it would award $5,000 in attorney fees and then changing its mind and awarding $10,195.40 in attorney fees in the written order. However, a trial court retains the right to change its mind regarding the outcome in a case prior to reducing its judgment to writing and filing it with the clerk of the court. *Wachovia Bank Savannah v. Kitchen.*[4] We discern no error in this regard.

2. Long argues that the court erred in awarding $10,195.40 in attorney fees in a judgment where the principal and interest amounted to only $6,259.12. We agree.

OCGA § 13-1-11 provides:

> (a) Obligations to pay attorney's fees upon any note or other evidence of indebtedness, in addition to the rate of interest specified therein, shall be valid and enforceable and collectible as a part of such debt if such note or other evidence of indebtedness is collected by or through an attorney after maturity, subject to the following provisions:

> (1) If such note or other evidence of indebtedness provides for attorney's fees in some specific percent of the principal and interest owing thereon, such provision and obligation shall be valid and enforceable up to but not in excess of 15 percent of the principal and interest owing on said note or other evidence of indebtedness;

> (2) If such note or other evidence of indebtedness provides for the payment of reasonable attorney's fees without specifying any specific percent, such provision shall be construed to mean 15 percent of the first $500.00 of principal

---

[3] Based on our holding in Division 2 below that attorney fees should be limited to $575.91 of the $5,195.40 actually incurred in bringing the present action, it is unnecessary in this case to discuss the propriety of awarding any of this separate $5,000 amount representing the fees Hogan paid to the landowner in the foreclosure action.

[4] *Wachovia Bank Savannah v. Kitchen*, 272 Ga. App. 601, 603 (1) (612 SE2d 885) (2005).

and interest owing on such note or other evidence of indebtedness and 10 percent of the amount of principal and interest owing thereon in excess of $500.00. . . .

Based on this statute, we have held that the amount of attorney fees a creditor may recover when collecting on a note is limited by the percentages specified in the statute, and that where the note (as here) does not specify the percentage, we will allow the creditor to recover attorney fees only in the amount of fifteen percent of the first $500 owing and ten percent of the remaining amount owing. See *Ahmad v. Excell Petroleum.*[5] See also *S & A Indus. v. Bank Atlanta;*[6] *Holmes v. Bogino.*[7] Compare *Wehunt v. Wren's Cross of Atlanta Condo. Assn.*[8] (amount of attorney fees recoverable when collecting condominium fees not subject to limits of OCGA § 13-1-11 because of separate statute on condominium fees found in OCGA § 44-3-109 (b) (3)). Under the circumstances of the present case, this would mean that the court should have awarded Hogan only $650.91 in attorney fees (fifteen percent of the first $500 — which equals $75 — plus ten percent of the remaining $5,759.12 — which equals $575.91).

Hogan seeks to distinguish this case on the ground that the note provision did not reference the recovery of "reasonable attorney fees" but rather required Long to "pay the actual expenditures in any attempt to collect the amount due." As stated in *Commercial Bank & Trust Co. of Troup County v. Anderson,*[9] there is persuasive authority that for purposes of OCGA § 13-1-11, the terms "costs of collection" and "attorney fees" as used in promissory notes are synonymous (and therefore both subject to the percentage limitations of OCGA § 13-1-11); indeed, no Georgia court has ever approved the recovery of nonlegal or administrative expenses as the "costs of collection." *Anderson* explained further:

If such administrative expenses were recoverable as the "costs of collection" in a suit to recover on a note or other contract, there would be no limit on the types and amounts of expenses that could be claimed and the recoverable "costs of collection" could easily exceed the amount of the unpaid

[5] *Ahmad v. Excell Petroleum,* 276 Ga. App. 167, 170 (5) (623 SE2d 6) (2005).

[6] *S & A Indus. v. Bank Atlanta,* 247 Ga. App. 377, 383 (5) (b) (543 SE2d 743) (2000).

[7] *Holmes v. Bogino,* 219 Ga. App. 858, 859 (2) (467 SE2d 197) (1996).

[8] *Wehunt v. Wren's Cross of Atlanta Condo. Assn.,* 175 Ga. App. 70, 74-75 (6) (332 SE2d 368) (1985).

[9] *Commercial Bank & Trust Co. of Troup County v. Anderson,* 197 Ga. App. 901, 903-904 (2) (399 SE2d 751) (1990).

indebtedness even though the amount of recoverable attorney's fees is otherwise statutorily limited to a percentage of the unpaid indebtedness by OCGA § 13-1-11.

Id. at 904 (2).

Similarly, *RadioShack Corp. v. Cascade Crossing II, LLC*[10] held that a lease provision authorizing the prevailing party to recover all reasonable expenses (including attorney fees) was subject to the percentage limitations of OCGA § 13-1-11. Therefore, we hold that in suits on a note, OCGA § 13-1-11 limits recovery of any fees or expenditures that relate to collection efforts. The language at issue here requiring Long to pay actual expenditures in collection attempts is accordingly subject to the limitations of OCGA § 13-1-11.

*Judgment reversed. Miller and Ellington, JJ., concur.*

DECIDED JANUARY 16, 2008 —
RECONSIDERATION DENIED JANUARY 28, 2008 ▮

*James S. Astin*, for appellant.
*Charles Crawford*, for appellee.

[10] *RadioShack Corp. v. Cascade Crossing II, LLC*, 282 Ga. 841 (653 SE2d 680) (2007).