**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and BRANCH, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

October 30, 2013

# In the Court of Appeals of Georgia

A13A1346. BEST v. CB DECATUR COURT, LLC.

ELLINGTON, Presiding Judge.

Following a bench trial, the trial court found in favor of CB Decatur Court, LLC (hereinafter, "the plaintiff") on its breach of contract suit against its commercial tenant, Irma Best. Best appeals, contending that the trial court abused its discretion when it reopened the evidence to allow the plaintiff to present additional evidence to support its claim for damages. She also contends that the court erred in awarding the plaintiff attorney fees. For the following reasons, we affirm the award of damages, but we reverse the court's award of attorney fees.

The record shows that, in June 2001, Best entered into a commercial property lease with DCP Decatur Investors, LLC ("DCP"). After renewing the lease through 2013, Best vacated the property and stopped paying rent in August 2010. In

December 2010, DCP filed suit against Best for past due rent, late fees, and interest, as well as attorney fees as provided by the contract and pursuant to OCGA § 13-1-11. In response, Best admitted that she had signed the lease agreement and renewals, but she denied that she owed DCP any money. She also filed a counterclaim for fraud and conversion. Following a hearing, the trial court granted DCP's motion to substitute its successor in interest, CB Decatur Court, LLC, as the party plaintiff, and granted partial summary judgment to the plaintiff on Best's liability for unpaid rent and related expenses under the lease agreement and on Best's counterclaim.

On October 1, 2012, the court conducted a bench trial on the amount of damages to be awarded, during which it overruled Best's hearsay objections to some of the plaintiff's evidence. The court subsequently issued an "Order Reopening Evidence and Scheduling Continuation of Bench Trial," which stated as follows:

> Upon consideration of the evidence presented, and prior to the entry of final judgment, the Court finds material evidence was admitted improperly at trial under the business records exception to the hearsay rule, over [Best's] objection. Finding it would be unjust to strike from consideration, after the close of evidence, all testimonial evidence of damages substantiated only by the Plaintiff's summary of account, without allowing the Plaintiff an opportunity to present admissible evidence of the debt owed, the Court directs evidence shall be reopened

2

in this case for the presentation of evidence on the issue of unpaid rent and fees.

Best did not object to the order or the recommencement of the bench trial, but she moved for a directed verdict at the beginning of the proceeding, arguing that the plaintiff had presented insufficient evidence of its damages during the initial portion of the bench trial. The trial court denied the motion, noting that the plaintiff had presented some evidence to support its claim for damages. The plaintiff then called Best as a witness; Best admitted that she had signed the lease agreement and renewals and that she had failed to make any payments due under the lease since August 2010. The plaintiff also called its property manager to testify, and Best was able to cross-examine the witness.[1] Following argument by counsel, the court awarded the plaintiff $69,195.22 in past due rent, late fees, and interest, $24,218.33 in attorney fees, and $267.50 in court costs. Best appeals from this order.

1. Best contends that the trial court abused its discretion in reopening the evidence sua sponte to allow the plaintiff to introduce additional evidence in support of its claim for damages. We disagree.

---

[1] Best does not challenge the admissibility or the sufficiency of this evidence of damages on appeal, nor does she contend that the trial court denied her the opportunity to present additional evidence during this proceeding.

With regard to the reopening of evidence, the Supreme Court of Georgia has adopted a forgiving rule, and grants trial courts very broad discretion in permitting parties to offer additional evidence at any stage of the trial. In fact, our Supreme Court has noted that "leniency in this area is very unlikely to constitute an abuse of discretion, as the appellate courts are guided by OCGA § 24-1-2, which provides that '[t]he object of all legal investigation is the discovery of truth.'"

(Punctuation and footnotes omitted.) *Adorno v. State*, 314 Ga. App. 509, 513 (2) (724 SE2d 816) (2012), quoting *Taylor v. State*, 282 Ga. 502, 504 (3) (651 SE2d 715) (2007).

Under the circumstances presented, we discern no abuse of discretion in the trial court's decision to recommence the bench trial and allow the plaintiff to present additional admissible evidence on the amount of damages it incurred as a result of Best's breach of the lease. See *Adorno v. State*, 314 Ga. App. at 513-514 (2) (After closing arguments, but before charging the jury, the trial court notified the parties that it had realized that it had made a mistake in excluding certain evidence. Over the defendants' objection, the court ruled that it would reopen the evidence to allow the

State and the defendants to present additional evidence. On appeal, this Court found that the trial court did not abuse its discretion in reopening the evidence.).[2]

2. Best contends that the trial court erred in awarding the plaintiff attorney fees, arguing that OCGA § 13-1-11 applies to obligations to pay attorney fees based upon notes or other evidence of indebtedness, including commercial leases, and that the plaintiff failed to comply with the notice requirements of OCGA § 13-1-11 (a) (3). We agree.

OCGA § 13-1-11 provides, in relevant part, as follows:

(a) Obligations to pay attorney's fees upon any note or other evidence of indebtedness, in addition to the rate of interest specified therein, shall be valid and enforceable and collectable as a part of such debt if such note or other evidence of indebtedness is collected by or through an

---

[2] See also *Bloomfield v. Bloomfield*, 282 Ga. 108, 110 (1) (d) (646 SE2d 207) (2007) (After a bench trial, but before the trial court entered its final written order in the divorce case, the court allowed the wife to submit evidence of a marital asset that she claimed should be equitably divided. The husband did not object or request a hearing on the division of that asset. The Supreme Court found that the trial court did not abuse its broad discretion to reopen the evidence under these circumstances.); *Westmoreland v. JW, LLC*, 313 Ga. App. 486, 488 (1) (722 SE2d 102) (2012) (After the parties rested during a bench trial on a complaint for unpaid rent, the trial court reopened the evidence and allowed the plaintiff landlord to introduce into evidence the written assignment agreement between it and the original landlord. On appeal, this Court found that the trial court did not abuse its broad discretion in reopening the evidence.).

attorney after maturity, subject to subsection (b) of this Code section[3] and to the following provisions:

(1) If such note or other evidence of indebtedness provides for attorney's fees in some specific percent of the principal and interest owing thereon, such provision and obligation shall be valid and enforceable up to but not in excess of 15 percent of the principal and interest owing on said note or other evidence of indebtedness;

(2) If such note or other evidence of indebtedness provides for the payment of *reasonable attorney's fees without specifying any specific percent*, such provision shall be construed to mean 15 percent of the first $500.00 of principal and interest owing on such note or other evidence of indebtedness and 10 percent of the amount of principal and interest owing thereon in excess of $500.00; and

(3) *The holder of the note or other evidence of indebtedness or his or her attorney at law shall, after maturity of the obligation, notify in writing the maker, endorser, or party sought to be held on said obligation that the provisions relative to payment of attorney's fees in addition to the principal and interest shall be enforced and that such maker, endorser, or party sought to be held on said obligation has ten days from the receipt of such notice to pay the principal and interest without the attorney's fees.* If the maker, endorser, or party sought to be

---

[3] OCGA § 13-1-11 (b), which adds certain requirements when attorney fees that are calculated under subsection (a) (2) total more than $20,000, does not apply in this case.

6

held on any such obligation shall pay the principal and interest in full before the expiration of such time, then the obligation to pay the attorney's fees shall be void and no court shall enforce the agreement. The refusal of a debtor to accept delivery of the notice specified in this paragraph shall be the equivalent of such notice.

(Emphasis supplied.)

The lease agreement at issue in this case included the following provision: "Tenant agrees to pay all attorney's fees and expenses Landlord incurs in enforcing any of the obligations of Tenant under this Lease, or in any litigation or negotiation in which Landlord shall, without its fault, become involved through or on account of this Lease." During the bench trial, the plaintiff asserted that it had a contingency fee contract with its counsel that provided for attorney fees totaling 35 percent of the amount recovered on its suit.[4] The plaintiff argued that, because the lease agreement obligated Best to pay "all" of its attorney fees – not just "reasonable" attorney fees – OCGA § 13-1-11 did not apply to limit the amount of fees it could recover in this case.[5] Even so, the plaintiff asserted that its evidence showed that the amount of fees

---

[4] Although the contract also required the plaintiff to pay counsel an hourly fee for counsel's work in defending against Best's counterclaim, the trial court did not award that sum to the plaintiff.

[5] See footnote 9, infra, regarding the merits of this argument.

7

due under the contingency contract, i.e., 35 percent of its recovery for unpaid rent, late fees, and interest, was customary in collection cases and reasonable under the circumstances presented in this case.

In its final order, the trial court ruled that the plaintiff could not recover attorney fees under OCGA § 13-1-11 because it had failed to provide the notice required under OCGA § 13-1-11 (a) (3), and it found that the plaintiff had presented no evidence to support an attorney fee award under OCGA § 13-6-11. Even so, the trial court concluded that the plaintiff had presented sufficient evidence to support a finding that an award of $24,218.33 in attorney fees, pursuant to the contingency fee contract between the plaintiff and its counsel, "is usual and customary for this type of litigation and is reasonable for the work involved in this protracted case[.]" Based upon this conclusion, the court awarded that amount to the plaintiff under the attorney fee provision of the lease agreement.

(a) The first question presented here is whether OCGA § 13-1-11 applies in this case, i.e., when a landlord sues a tenant under a commercial lease agreement to collect past due rent, late fees, and interest. Given the Supreme Court of Georgia's ruling in *RadioShack Corp. v. Cascade Crossing II, LLC*, 282 Ga. 841(653 SE2d 680) (2007) ("*RadioShack*"), we conclude that it does.

In *RadioShack*, the Supreme Court addressed the following certified question

from the Eleventh Circuit Court of Appeals:

> Whether OCGA § 13-1-11 applies to and limits the award of attorneys'
> fees and costs in this particular case — where the landlord under a
> commercial lease agreement filed suit against a tenant seeking the
> collection of past due rent as well as a declaration of other contractual
> rights of the parties — and, therefore, precludes an award of full
> attorneys' fees and costs as provided in the lease agreement.[6]

Id. at 841-842. The Supreme Court answered this question in the affirmative, id. at

846, and explained its ruling as follows:

> By its terms, OCGA § 13-1-11 (a) applies to "[o]bligations to pay
> attorney's fees upon any note or other evidence of indebtedness" which
> is collected through an attorney after maturity. . . . Since the issue was
> first addressed in 1977, the Court of Appeals has repeatedly held that a
> lease constitutes an "evidence of indebtedness" under OCGA § 13-1-11.
> In other cases, OCGA § 13-1-11 has been applied unquestioningly to
> provisions in leases authorizing the landlord to recover attorney's fees
> against a tenant in default. Furthermore, the Court of Appeals has
> always included "commercial" leases in its holdings, and clearly has
> recognized that, in applying OCGA § 13-1-11 to a lease, the rent and

---

[6] See *Cascade Crossing II v. RadioShack Corp.*, 480 F3d 1228, 1232 (11th Cir. 2007).

9

other charges which the lease required tenants to pay constituted the principal amount of their debt.

(Citations and punctuation omitted.) Id. at 842.[7] The Supreme Court held that

> [a]n analysis of the intent of OCGA § 13-1-11 also indicates that the phrase "evidence of indebtedness" should be construed broadly so as to encompass leases. This statute is not one which must be strictly construed. An undertaking to pay attorney's fees in addition to principal and interest is in the nature of an agreement for a penalty, and the statute under consideration is to take away the penalty in certain cases, and is remedial. Thus, *the purpose of OCGA § 13-1-11 is to prevent a contractual provision for attorney's fees from constituting a penalty for failure to pay an indebtedness*. In its current form, the statute accomplishes this purpose in subsections (a) (1) and (2) by limiting the amount of attorney's fees, and in subsection (a) (3) by giving the debtor notice and "an opportunity to meet his obligation without incurring additional expenses in the nature of attorney's fees." Obviously, a tenant who is sued for failure to pay rent may have as great a need for all of these protections, and as little bargaining power to avoid the insertion of an unreasonable provision for attorney's fees, as an obligor on a note or other commercial paper. . . . Accordingly, we hold that the term "evidence of indebtedness," as used in OCGA § 13-1-11, . . . includes

---

[7] The Court noted that, "[i]f OCGA § 13-1-11 is to be revised so as to exclude 'commercial leases,' the General Assembly, rather than the courts, must take that action." (Citation and punctuation omitted.) *RadioShack Corp. v. Cascade Crossing II, LLC*, 282 Ga. at 843.

10

all written leases which impose on the lessee an obligation to pay money.

(Citations and punctuation omitted; emphasis supplied.) Id. at 845-846.[8]

Given this express ruling, we conclude that the plaintiff in this case was only entitled to attorney fees within the amount provided for in OCGA § 13-1-11 (a), and then *only* if it provided the required notice under OCGA § 13-1-11 (a) (3).[9] Id.

---

[8] Cf. *Ins. Indus. Consultants v. Essex Investments*, 249 Ga. App. 837, 844 (4) (549 SE2d 788) (2001) (concluding that OCGA § 13-1-11 was not applicable to the landlord's declaratory judgment action seeking a ruling that its tenant had to vacate the leased premises at the end of the five-year term of the lease; because the landlord was not trying to collect on past due rent or other debts owed by the tenant, it did not have to comply with OCGA § 13-1-11 in order to enforce the attorney fee provision of the lease).

[9] Notably, we find no merit in the plaintiff's contention during trial that OCGA § 13-1-11 did not apply in this case because the lease agreement obligated Best to pay "all," and not just "reasonable," attorney fees. First, the plaintiff has consistently insisted that the attorney fees it was seeking pursuant to the lease were both reasonable and customary. Second, to allow a plaintiff to avoid the limitations of OCGA § 13-1-11 and to collect *unreasonably* high attorney fees simply by omitting the adjective "reasonable" in its lease agreement would violate the very purpose of the statute, i.e., "to prevent a contractual provision for attorney's fees from constituting a penalty for failure to pay an indebtedness." *RadioShack Corp. v. Cascade Crossing II, LLC*, 282 Ga. at 845. And, finally, in *RadioShack*, the Supreme Court specifically affirmed that OCGA § 13-1-11 "precludes an award of *full* attorneys' fees and costs *as provided in the lease agreement*." (Citation and punctuation omitted; emphasis supplied.) Id. at 842, 846.

11

(b) The next question presented, then, is whether the trial court correctly found that the plaintiff failed to provide the requisite notice pursuant to OCGA § 13-1-11 (a) (3).[10] We will only set aside the trial court's factual findings if they are clearly erroneous, and we defer to the court's opportunity to judge the credibility of the witnesses when making such findings. OCGA § 9-11-52 (a).

Compliance with the notice requirements of OCGA § 13-1-11 (a) (3) is a "mandatory condition precedent" to the recovery of attorney fees under that statute. (Footnote omitted.) *Core LaVista v. Cumming*, 308 Ga. App. 791, 798 (2) (709 SE2d 336) (2011). However,

> Georgia case law requires only substantial compliance with OCGA § 13-1-11 (a) (3), and this Court has construed substantial compliance to include notice as follows: So long as a debtor is informed that he has 10 days from receipt of the notice within which to pay principal and interest

---

[10] Because the plaintiff failed to file a cross-appeal to challenge this adverse ruling, the issue of whether it was correct would generally not be subject to review by this Court in the instant appeal. See *Ga. Society of Plastic Surgeons v. Anderson*, 257 Ga. 710, 711 (1) (363 SE2d 140) (1987) ("The general rule is that an appellee must file a cross-appeal to preserve enumerations of error concerning adverse rulings. OCGA § 5-6-38[.]") (citation omitted). "However, a ruling that becomes material to an enumeration of error urged by an appellant may be considered by the appellate court without the necessity of a cross-appeal." (Citation omitted.) Id. For the purposes of this appeal, we find that the court's ruling on the OCGA § 13-1-11 (a) (3) notice issue is material to Best's assertion that it erred in awarding the plaintiff any attorney fees.

12

without incurring any liability for attorney fees, the legislative intent behind the enactment of OCGA § 13-1-11 (a) (3) has been fulfilled.

(Citation and punctuation omitted.) Id. at 798-799 (2).

In this case, the plaintiff argued at trial that the complaint provided the notice required under OCGA § 13-1-11 (a) (3). The complaint stated that "[n]otice for attorney's fees, pursuant to OCGA § 13-1-11, has been given to and received by [Best] more than 10 days before this complaint was filed. DCP Decatur is thus entitled to recovery of attorney's fees and expenses of litigation pursuant to OCGA § 13-1-11." In her answer, however, Best denied this assertion. And, even if she had not, this Court has previously ruled that similar language in a complaint was not only insufficient to notify the defendant that he or she had an *opportunity* to avoid paying attorney fees by timely curing the default, but that it actually stated the opposite, i.e., that "the Lender *is entitled* to recover reasonably incurred attorneys' fees." *Core LaVista v. Cumming*, 308 Ga. App. at 799 (2). It follows that the complaint in this case did not provide Best with the required statutory notice. Id.; see *Logistics Intl. v. Raco/Melaver, LLC*, 257 Ga. App. 879, 881-882 (2) (572 SE2d 388) (2002).

The plaintiff also argues on appeal that, even if Best did not receive the required notice under OCGA § 13-1-11 (a) (3), she admitted that she was liable for

13

its attorney fees by failing to timely respond to its Request for Admission No. 36, which stated as follows: "Please admit that Defendant Best owes Plaintiff DCP statutory contractual attorneys' fees as provided by the Lease Agreement, Amendments to the Lease Agreement and Georgia law." However, pretermitting whether this assertion fails for the same reason we explained in the preceding paragraph, the plaintiff failed to raise this argument in the court below and, therefore, it is deemed waived. See *Bullington v. Blakely Crop Hail*, 294 Ga. App. 147, 152 (3) (668 SE2d 732) (2008) ("This is a court for the review and correction of errors committed in the trial court, and an argument that was not made below will not be considered on appeal.") (citations omitted).

Finally, although Best asserted at trial that she had not received notice pursuant to OCGA § 13-1-11 (a) (3), the plaintiff failed to produce any affirmative evidence that it had timely notified Best that she could avoid any obligation to pay its attorney fees by paying the rent, late fees, and interest due under the lease within ten days. Instead, the plaintiff argued that such notice was *not necessary* because OCGA § 13-1-11 did not apply in this case.

Under these circumstances, we conclude that the trial court did not err in finding that the plaintiff failed to provide Best with the notice required by OCGA §

14

13-1-11 (a) (3). Given our ruling in Division 2 (a), supra, that the plaintiff was only entitled to attorney fees under OCGA § 13-1-11 (a), and, even then, *only* if it provided the required notice under OCGA § 13-1-11 (a) (3), it follows that we must reverse the trial court's award of attorney fees to the plaintiff.

3. Given our decision in Division 1, supra, Best's remaining allegation of error is moot.

*Judgment affirmed in part and reversed in part. Phipps, C. J., and Branch, J., concur.*