**FIFTH DIVISION**
**MCFADDEN, C. J.,**
**RICKMAN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**May 28, 2021**

# In the Court of Appeals of Georgia

A21A0430.  CORNERSTONE MINISTRIES & CHRISTIAN SCHOOL, INC. v. PITNEY BOWES GLOBAL FINANCIAL SERVICES, LLC.

MCFADDEN, Chief Judge.

Pitney Bowes Global Financial Services, LLC brought a suit against Cornerstone Ministries & Christian School, Inc., d/b/a Cornerstone Ministries, alleging that Cornerstone had failed to pay amounts owed under two equipment leases. The trial court granted Pitney summary judgment on its claim. But Pitney was not entitled to summary judgment, because Cornerstone has pointed to evidence creating a factual dispute as to whether it had satisfied its debt to Pitney under the leases. So we reverse.

1. *Facts and procedural history.*

Summary judgment is proper under OCGA § 9-11-56 (c) when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. "On a motion for summary judgment the plaintiff, as movant, has the burden of establishing the absence or non-existence of any defense raised by the defendant. We review the grant of summary judgment de novo, construing the evidence in favor of the nonmovant." *Greenstein v. Bank of the Ozarks*, 326 Ga. App. 648, 649 (1) (757 SE2d 254) (2014) (citations and punctuation omitted).

The evidence showed that Cornerstone entered into two contracts to lease equipment from Pitney, one dated December 12, 2008, and another dated March 27, 2012. On November 28, 2017, counsel for Pitney sent a letter to Cornerstone demanding payment of the principal sum of $49,528,70 that it stated was past due on the contracts, along with interest and attorney fees. When Cornerstone did not cure the alleged default, Pitney filed this action, titled "Complaint on Contract and Account," and in support of its motion for summary judgment, it provided the trial court with the leases in question, invoices purportedly reflecting the amounts owed under those leases, and the affidavit of an employee familiar with those documents and with Cornerstone's alleged debt to Pitney.

In response to the motion for summary judgment, Cornerstone submitted the affidavit of its administrator and bookkeeper, who stated that she had "personal knowledge of the facts and circumstances connected with this action" and was "personally familiar with [Cornerstone's] interactions with [Pitney] regarding these leases and payments for same." She averred that Cornerstone was not in default; that since 2008 it had made payments exceeding $350,000 to Pitney under the leases at issue in this case; and that it made its last payment in March 2017, "at which time representatives of [Pitney] assured [Cornerstone] that all payments due under the lease had been made." Attached to the affidavits were documents that, according to the affiant, "memorialized the payments which [Cornerstone] made to [Pitney]."

In its brief opposing summary judgment, Cornerstone argued, among other things, that its bookkeeper's affidavit with its attached exhibits was evidence that Cornerstone had fully performed its obligations under the two leases and was not liable to Pitney for any debt. The trial court, however, concluded that no genuine issues of material fact existed and that Pitney was entitled to judgment on its claim as a matter of law.

2. *A triable issue exists as to the existence of Cornerstone's alleged indebtedness.*

We agree with Cornerstone that the grant of summary judgment was error. After Pitney presented evidence showing a definite amount owed by Cornerstone, Cornerstone was "required to point to specific evidence giving rise to a triable issue concerning [its] indebtedness." *Lockwood v. Fed. Deposit Ins. Corp.*, 330 Ga. App. 513, 517 (2) (b) (767 SE2d 829) (2014). The affidavit of its bookkeeper met this requirement. She stated that she had personal knowledge of Cornerstone's obligations under the leases and that those obligations had been met. See *Yalanzon v. Citibank (S. Dakota) N. A.*, 169 Ga. App. 961, 962 (1) (315 SE2d 677) (1984) (creditor was not entitled to summary judgment on its claim on account where debtor averred in affidavit that the amount of debt claimed by the creditor was wrong and included with the affidavit copies of checks paid to the creditor during the relevant period); *Andrews v. Adams Drive, Ltd.*, 142 Ga. App. 32, 34 (3) (234 SE2d 835) (1977) (issue of liability on account is a question for the factfinder where the creditor established a prima facie case that the defendants owed a certain amount on accounts and the defendants testified "that they did not believe they owed the money and that some of the accounts had been paid").

4

The bookkeeper's testimony was not vague or conclusory, as Pitney contends. Unlike in *Lockwood v. Fed. Deposit Ins. Corp.*, 330 Ga. App. 513, on which Pitney heavily relies, the affidavit testimony in this case directly rebutted Pitney's assertion that Cornerstone owed it money. Cf. *Lockwood*, 330 Ga. App. at 517-518 (2) (b) (plaintiff was entitled to summary judgment in case where defendant conceded liability but challenged the amount of the debt, noting that defendant's affidavit, which speculated without explanation that plaintiff's payment-history records included "unapplied payments" and "unapplied credits," was too conclusory to overcome plaintiff's prima facie case).

Pitney questions the strength and credibility of the affidavit and its attached documents. For example, it questions whether the payments that Cornerstone's bookkeeper averred were made "under the leases at issue" in fact pertained to those leases. Such challenges simply underscore the existence of a triable issue on whether Cornerstone had satisfied its obligations to Pitney under the leases. The existence of that triable issue precludes summary judgment. See *Yalanzon*, 169 Ga. App. at 962 (1).

3. *Argument regarding Pitney's alleged late billing.*

Pitney asserts that Cornerstone has made, for the first time on appeal, a separate argument that Pitney is not entitled to summary judgment because it breached the leases by presenting late-billed invoices. Given our conclusion that Pitney is not entitled to summary judgment because the bookkeeper's affidavit created a genuine issue of fact as to whether Cornerstone had satisfied its obligation to Pitney, we do not need to address any such alternative argument. So we take no position on whether Pitney has fairly characterized either Cornerstone's appellate brief or its brief in opposition to summary judgment.

*Judgment reversed. Rickman, P. J., and Senior Appellate Judge Herbert E. Phipps concur.*